Doane v. Corbin.

| 44  | 463 |
| 107 | 254 |

## John W. Doane et al.
### v.
## Chester C. Corbin et al.

*Assignments—Order Directing Payment out of Funds in Receiver's Hands for Solicitor's Fees.*

Upon an appeal from so much of an order as directs a receiver to pay from the funds in his hands of the estates of certain insolvents, to solicitors named, a certain sum, the litigation over said estates having been begun in a State Court, then transferred to the Federal Court, and finally remanded to the State Court for want of jurisdiction, it not having thus far been determined as to who is entitled to the fund in the possession of the court, this court holds that until such question is settled there can be no distribution.

[Opinion filed June 1, 1892.]

Appeal from the Circuit Court of Cook County; the Hon. Murray F. Tuley, Judge, presiding.

Messrs. Tenney, Church & Coffeen, for appellants.

Mr. W. J. Manning, for appellees.

Shepard, J.   This appeal is from so much of an order as directs the receiver to pay from the fund in his hands of the estates of Boies, Fay & Conkey, and Fay & Conkey, the sum of $5,614.05, to the solicitors of appellees, for services

rendered in the litigation over the said estates begun in the State Court, transferred to the Federal Court, and finally remanded to the State Court for want of jurisdiction.

We purposely abstain from a consideration of numerous questions argued by counsel, involving the merits of the complicated litigation still pending and undetermined in the Circuit Court, out of which the order appealed from has grown. The main question there pending and as yet undetermined, as between the parties to the litigation, is as to who is entitled to the fund in possession of the court. That fund came to the hands of the Circuit Court of the State from the United States Court when the cause was remanded, and was realized by that court while exercising supposed jurisdiction.

The services for which compensation was directed to be paid by the order appealed from, were mostly, if not entirely, rendered in the course of the litigation in the Federal Court, and the amount allowed was in addition to over $11,000, allowed for solicitor's fees by that court, and paid out of the fund while in its control.

The Supreme Court of the United States in Graves v. Corbin, 132 U. S. Rep. 571, having decided that the case was one in which the Federal Courts had no jurisdiction, the findings and orders of the Circuit Court of the United States were necessarily void, and neither the State Court nor the parties to the litigation are bound or subject to control by any such void orders, except in so far as by consenting to such orders parties may have become bound as by contract; nor does it follow that the State Court will reach the same determination concerning the subject-matter of the litigation as that reached by the United States Circuit Court. Moreover, since the decision that the Federal Courts were without jurisdiction in the case, new issues have been presented by the filing of a creditor's bill by appellants, claiming priority of lien upon at least a portion of the fund, and such issues have not yet been determined either upon demurrer or upon a hearing.

Whatever may be the effect upon appellants, by way of

estoppel or otherwise, of their consent to the order of the United States Court allowing fees and expenses "incurred" by Corbin to be paid out of the fund, is not a proper subject of consideration at this time.

That issue has never been properly presented to and determined by the court below. If pleaded in bar, by way of estoppel against appellants, they should have an opportunity to avoid it. Parties to the suit who are interested in the fund are entitled to have an issuable claim to it presented by another who seeks to appropriate it in advance of an ultimate determination of their rights in the fund. When the Circuit Court shall have determined, after a hearing, either upon the whole case or of some separable portion of it, upon issues joined, that the appellees have right and title to the fund or some part of it, will be soon enough to distribute the estate or any part of it either to them or to their solicitors. To take out of the fund in the receiver's hands, where it is held for the benefit of the party ultimately entitled, the sum of $5,614.05 on a mere motion, and devote it to the payment of the fees of the solicitors of one of the parties to the litigation, before the right of that party to any portion of the fund had become established, was to anticipate the result of the litigation, and the order to that effect was premature. 15 Am. & Eng. Encyc. of Law, 890; 2 Daniell's Chancery Practice 1599, and note 7; Coates v. Cunningham, 80 Ill. 467.

The order being a final one as to the subject-matter of it, the motion of appellees to dismiss the appeal is overruled, and the order of the Circuit Court directing the receiver to pay said sum to Manning & Castle for services, is reversed.

*Order reversed.*