COLBURN et al. v. HILL et al.

(Circuit Court of Appeals, Sixth Circuit.   August 7, 1900.)

No. 756.

1. REMOVAL OF CAUSES—JURISDICTION ERRONEOUSLY ENTERTAINED—REMANDING CAUSE AFTER SALE BY RECEIVER—CONFIRMATION.

Where a cause is erroneously removed from a state court to the circuit court of the United States on the ground that there is a separable controversy as to one of the defendants, a receiver is appointed, and the case there proceeds to judgment, and certain property in controversy is directed to be sold, but on appeal it is discovered that there is a defect of jurisdiction, in that the matter in controversy between complainant and the petitioner for removal is a cause of action jointly against the latter and other defendants, and the decree is reversed, with directions to the circuit court to remand the cause, the latter court is without jurisdiction to confirm a sale made by the receiver under the order of the court directing it.

2. SAME—COSTS—BOND—JUDGMENT.

Where a cause is remanded to the state court for want of jurisdiction in the federal court, judgment will not be entered against the surety on the removal bond for costs, in the absence of any stipulation therein that such judgment may be entered without the necessity of an action on the bond and in execution of such orders as the court may make in regard to the costs of the case.

Appeal from the Circuit Court of the United States for the Western Division of the Western District of Tennessee.

On motion to amend mandate.

Geo. Gillham, Edgington & Edgington, and M. F. Dickinson, Jr., for appellants.

Wm. M. Randolph and George Randolph, for appellees.

Turley & Wright, for executors of D. T. Porter.

Before LURTON, DAY, and SEVERENS, Circuit Judges.

PER CURIAM.   This case is one in which the decree of the court below was reversed by this court upon the ground that the circuit court of the United States had never obtained jurisdiction.   101 Fed. 500.   The case was removed from a state court in Tennessee on the ground that the petitioner, one of the defendants in the case, had a separable controversy therein, within the meaning of the act of congress; and on that ground the cause was transferred to the circuit

court of the United States, and proceeded therein to a decree. The error in assuming jurisdiction was not effectively questioned until late in the progress of the case, and it happened that many things were done while it was pending in the circuit court of the United States. A receiver was appointed, and ordered to sell property consisting largely of real estate, which was taken into the possession of the court for the purposes of the suit. On the case coming here, it was ascertained that there was a defect in jurisdiction, in that the matter in controversy existing between Mary T. Hill, the petitioner, and the complainants was a cause of action jointly against her and other defendants. As has been said, the decree was reversed, and the cause was remanded to the circuit court, with directions to that court to remand the cause to the state court. On the mandate coming down, it found a situation like this in the circuit court: Under the orders directing the sale of property, the receiver had made the sales. These sales had not been confirmed, but still remained incomplete and subject to the orders of the court. When the matter was brought up in the circuit court for the purpose of entering a decree in accordance with the mandate of this court, the defendants and the purchasers under these sales intervened, and claimed that they were entitled to have the sales confirmed. The circuit court was of the opinion that under the terms of the mandate that court was without authority to proceed further in the confirmation or execution of orders that had been theretofore made by that court. Thereupon the decree on the mandate was deferred so as to afford an opportunity to have the matter submitted to this court. It is the opinion of this court that, it having been held that the circuit court was without jurisdiction, it is necessary for that court to relinquish the further exercise of authority; and we think that all that should be done by this court is to reverse the decree, with direction to remand the cause, and that we should refrain from authorizing the further exercise of jurisdiction. That means that these incomplete sales must drop. The part of the money that has been paid in conditionally, of course, will have to be refunded to the purchasers. The case is not like those where the court, having erroneously assumed jurisdiction, has taken possession of property, and in the control and preservation of it has authorized the receiver to borrow money or incur obligations necessary to the management. There the lender has parted finally with his money, and the wrong would be irretrievable if the court had not the power to protect him. But here the purchasers lose nothing, unless it be the profits of their bargain, and the court does not exercise its special prerogative for the purpose of guarding against that consequence. This motion of defendants, therefore, for an amendment of the mandate so as to provide for the confirmation of these sales, is denied.

The complainants in the case make another motion to amend the mandate. It appears that a bond was given, as was necessary, for removal to the circuit court of the United States by defendant, and the surety was one of the counsel in the case. This court gave no direction in its mandate for any order to be passed in reference to the security thus furnished, but made the general order directing the court below to enter a decree charging the defendant, Mrs. Hill, who had

been the petitioner for removal, with the costs. Now the complainant moves that the mandate shall be so amended as to direct the entry of a decree against the surety on the bond, also. But we think that motion should be denied, for the reason that this bond was one in the ordinary form, and was not such as is sometimes found where a stipulation is made that judgment may be entered upon the bond without the necessity of a distinct suit and in execution of such orders as the court may make in regard to the costs of the case. It is not infrequent that orders of that kind are employed in judicial proceedings, but here the bond was simply in the ordinary form of bond. We are of opinion that the court would have no authority to enter judgment directly against the surety on said bond, and that the remedy must be by independent proceeding brought in a proper court having jurisdiction. This motion is also denied.