### Frank A. Hecht v. Charles Kaestner.

1. APPEALS—*Do Not Lie from Interlocutory Orders.*—An appeal does not lie from an order solely to pay the expenses incurred in pursuing the investigation toward a final decree not yet reached.

Bill to Dissolve a Partnership.—Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge presiding. Heard in this court at the March term, 1902. Dismissed. Opinion filed March 19, 1903.

CURTIS H. REMY, attorney for appellant; FRANK S. WEIGLEY, of counsel.

EUGENE STEWART, attorney for appellee; BOLEN & STEWART, of counsel.

MR. JUSTICE WINDES delivered the opinion of the court.

Charles Kaestner filed a bill against appellant December 17, 1901, for the dissolution of a copartnership known as Charles Kaestner & Co., composed of said Kaestner and the appellant, and for an accounting. Edward B. McKey was appointed receiver, qualified as such and took possession of the assets of the copartnership. Pending this appeal McKey died, and the present appellee was substituted in his stead. It appears that certain matters in the cause were referred to a master in chancery to take proofs and report to the court, and the main case is still pending and undetermined in the Circuit Court.

During the progress of the cause the then receiver, McKey, filed a sworn petition to be allowed to pay to the Audit Company of New York the sum of $400 for a certain written report and examination made by said company of

Hecht v. Kaestner.

the books of Kaestner & Co. and delivered to the complainant's solicitors, and the further sum of $12.30 to Parker & Pain, said complainant's solicitors, for a copy of said report, made at the request of Mr. Remy, appellant's solicitor.

It appears from the answer of appellant to this petition, which is also sworn to, that said examination and report were made at the request of Kaestner and against the objection of appellant prior to the time of the filing of the bill; that the receiver had nothing to do with having the examination and report made, and was never authorized to do so by any court.   It is therefore claimed by appellant that the expense of said report should have been borne by Kaestner, as well as the expense of the copy thereof.   The chancellor, however, ordered the receiver to pay the Audit Company for its services in preparing said report and audit of the business of Kaestner & Co. the sum of $400, and to Parker & Pain the sum of $12.30 for the expense of making a copy thereof for appellant.   It does not appear from the abstract, beyond said petition and answer, on what evidence the court based this order.

Prior to the taking of the cause the appellee moved to dismiss this appeal for the reason that the order in question is not a final order.   We are of opinion the motion should be allowed.

There is nothing in the abstract, as we have seen, showing any final disposition of the cause, nor that the complainant in the bill is not amply able to respond to any decree the court might eventually make against him, nor that the assets in the receiver's hands are not amply sufficient to fully protect appellant in case the court should finally determine that the order was wrongfully made in directing the payment of the respective amounts out of the firm assets.   We think that the order is purely administrative, in no sense final as between the parties to the litigation, and any supposed wrong done thereby to appellant may be remedied by the final decree in the cause.   Gunn v. Donoghue, 135 Ill. 480, and cases cited.

We have carefully examined the authorities especially relied upon by appellant, viz., Crouch v. First Nat'l Bank, 47 Ill. App. 574, affirmed, 156 Ill. 342–52; Doane v. Corbin, 44 Ill. App. 463, and People v. Prendergast, 117 Ill. 588, and are of opinion they are not applicable to such an order as the one here in question.

The appeal is therefore dismissed.