(July 30, 1907.)

## J. C. MILLS, Jr., Respondent, v. AMERICAN BONDING COMPANY et al., Appellants.

[91 Pac. 381.]

PROSECUTION ON APPEAL—BAR OF REMEDY ON APPEAL—DISMISSAL OF APPEAL.

1. Where a litigant seeks and procures a removal of a case from the state court to a federal court, and thereafter pursues his remedy in the latter court, and it is finally determined that the federal court has acted without jurisdiction and that the case has never been legally and regularly removed from the state court, and he thereafter takes up his case where he left off in the state court, the bar of the statute and rules of court limiting the time in which to pursue his remedy on appeal will be held to run against him the same as if he had never sought to prosecute his remedy in another forum.

(Syllabus by the court.)

APPEAL from District Court of Third Judicial District for Ada County. Hon. Geo. H. Stewart, Judge.

Motion to dismiss appeal on grounds that transcript has not been filed in time required by rules of court. *Motion sustained and appeal dismissed.*

Morrison & Pence and Neal & Kinyon, for Appellants.

W. E. Borah, H. L. Fisher and Frank J. Smith, for Respondent.

No briefs filed on point decided.

AILSHIE, C. J.—The respondent has moved for a dismissal of the appeal herein on the grounds that it has not been prosecuted with diligence, and especially for the reason that the transcript has not been prepared, served and filed within sixty days after service of the notice of appeal, as provided by the rules of this court. This is a companion case

to that of *Finney v. American Bonding Co. et al., ante,* p. 538, 91 Pac. 318, decided at this present term; the same action has been taken in this case in all respects as was taken in that case, and the appellants are guilty of the same degree of negligence, delay and laches in this case as in that one. On the authority of that case, both the original opinion and on petition for rehearing, the appeal in this case must be dismissed.

Appellants cite *McIver v. Florida Central & P. R. Co.,* 110 Ga. 223, 36 S. E. 775, 65 L. R. A. 437, as an authority in support of their contention that this court should assume jurisdiction of the appeal and hear the case on its merits. As we read that case, it does not support the position appellants are obliged to maintain here. It simply holds that where a case has been commenced in a state court and thereafter properly removed to a federal court, and the plaintiff was nonsuited or voluntarily dismissed his case in the latter court, that he was not thereby precluded from again commencing his action on the same case in the state court at any time prior to the bar of the statute of limitations. It should also be borne in mind that the McIver case recognizes the principle that even though the case be properly removed to a federal court, nevertheless the statute of limitations continues to run against the right of action under the state statutes. If this is true where there has been a proper and regular removal, it must be equally true where the removal eventually proved abortive and without jurisdiction. If, under such circumstances, the bar of the statute runs against the prosecution of the action in the state court, why should not the bar run in like manner against the prosecution of the appellate remedy for the review and correction of errors? We think the law and reason of the case, as well as the justice and equity thereof, require that the litigant who seeks and procures a removal and thereafter pursues his remedy in the federal court, and is unsuccessful, and then takes up his case in the state court and prosecutes his remedy in the latter court, should be dealt with in all respects the same as if he had never invoked the jurisdiction of another forum

for the trial of his case; and if he has abandoned the proper tribunal and has voluntarily spent a portion of ''his day in court'' in a forum without jurisdiction, that time should be charged against him .when he takes up his ˉcause before the proper tribunal.

The appeal herein is dismissed, with the costs in favor of respondent.

Sullivan, J., concurs.