(December 21, 1910.)

ARTHUR C. MORBECK et al., Respondents, v. BRAD-FORD-KENNEDY CO. et al., Appellants, and GEORGE P. NEWMYER et al., Respondents.

[113 Pac. 89.]

DEFAULT JUDGMENT—JURISDICTION—REMOVAL OF CAUSE—VACATION OF DEFAULT AND JUDGMENT.

(Syllabus by the court.)

1. Where a defendant has been sued in the state court and summons has been served upon him and prior to the expiration of the time within which he is required to answer under the statute, and without appearing or answering he files a petition for a removal to the federal court, and an order of removal is made by the judge of the state court, and the record is thereafter transferred to the federal court, and on motion made in the latter court the cause is remanded to the state court for want of jurisdiction in the federal court, and upon receipt of the certificate from the federal court remanding the cause, and in the absence of any appearance on the part of the defendants within the time prescribed by statute, the clerk of the district court enters the default of the defendants for failure to appear or answer; *held*, that the action of the clerk in entering the default of the defendants is within the authority and direction of secs. 4360 and 4140 of the Rev. Codes, and that the same is not void for want of jurisdiction.

2. ID.—Where default has been entered by the clerk against a defendant under the circumstances above stated, the court has jurisdiction to hear the proofs submitted by the plaintiff and to make findings and enter judgment thereon.

3. Where a defendant has been sued in a state court and summons has been served upon him and, prior to the expiration of the

time allowed by statute for him to answer, but without appearing or answering, he files a petition for removal to the federal court and the removal is ordered and the cause is thereafter remanded by the federal court on the ground that it was not removable from the state court, and in the meanwhile the defendant has allowed his time to elapse in which to appear or answer and he makes no appearance in the state court, and the clerk thereupon enters his default for failure to appear or answer, and the defendant thereafter moves to have the default vacated and the judgment set aside on the ground of his mistake, inadvertence, and excusable neglect, and sets up the foregoing facts and the further fact that he thought he would be given reasonable time in which to answer in the state court after the cause was remanded, and the district judge overrules such application; *held,* that there was no abuse of the discretion vested in the trial court, and that the order denying the motion and application will not be disturbed or reversed on appeal.

4. The statute of this state (sec. 4140, Rev. Codes) fixes the time within which a defendant shall appear and answer, and the fact that in the meanwhile and prior to the expiration of that time the defendant has the cause removed to the federal court, and it is thereafter held by the federal court that the removal was not proper and did not confer jurisdiction on the latter court, such action on the part of the defendant to change the forum will not serve to extend the time for answering in the state court, and will not relieve him from a default which he thus allows to be entered against him.

5. The fact that a defendant exhausts a part of his "day in court" or time in which he is allowed to appear and answer in a state court in a vain endeavor to change the forum and to get into another court, cannot be charged against the adverse party, and a default entered against him for failure to appear in the case during such removal proceeding cannot be said to deprive the party of the equal protection of the law or of his day in court as guaranteed by the fourteenth amendment to the federal constitution.

APPEAL from the District Court of the Eighth Judicial District of the State of Idaho, in and for Kootenai County. Hon. Robert N. Dunn, Judge.

Action by plaintiffs to set aside certain conveyances and for the appointment of a receiver. Judgment for the plaintiffs and certain of the defendants appealed. *Affirmed.*

McBee & La Veine and William T. Stoll, for Appellants.

The district court, by the order of April 5th, solemnly adjudicated that the cause was removable, and ordered that all further proceedings in this case be stayed and discontinued. We were entitled, even though that order was erroneous, to rest securely, and rely upon it until it was vacated and set aside. We did so. It never has been vacated yet. The other side recognized the binding force of the order, because they did not attempt to take any steps thereafter in the state court until the cause was remanded by Judge Dietrich; not only so, but they appeared in the United States court and moved to remand. Further than that, after a removal order was signed by Judge Dunn, the question of jurisdiction was solely and exclusively a question to be determined by the United States circuit court. (*Chesapeake etc. R. R. Co. v. McCabe,* 213 U. S. 207, 53 L. ed. 768; *Carson v. Hyatt,* 118 U. S. 279, 6 Sup. Ct. 1050, 30 L. ed. 167; *Kansas City R. R. Co. v. Daughtry,* 138 U. S. 298, 11 Sup. Ct. 306, 34 L. ed. 963; *D'Wolf v. Raband,* 1 Pet. (U. S.) 476, 7 L. ed. 227.)

The judgment entered in this case against appellants, taking a large amount of their property from them, denying them a hearing, amounts to the taking of their property without due process of law, and in violation of the fourteenth amendment of the constitution of the United States. It also violates that other proviso in the fourteenth amendment guaranteeing the equal protection of the law to all persons. (*Dartmouth College Case,* 4 Wheat. (U. S.) 581, 4 L. ed. 645; *Roller v. Holly,* 176 U. S. 398, 20 Sup. Ct. 410, 44 L. ed. 520.)

A different rule would obtain if the state court had refused to order the removal. (*Amory v. Amory,* 95 U. S. 186, 24 L. ed. 428; *Stone v. South Carolina,* 117 U. S. 432, 6 Sup. Ct. 799, 29 L. ed. 962; *Gregory v. Hartley,* 113 U. S. 745, 5 Sup. Ct. 743, 28 L. ed. 1150.)

The state court having ordered the removal, and that all proceedings in the state court be stayed, we were certainly not required to be in attendance upon the state court any

further, until we were notified either that it had revoked its order of removal, and that it would proceed with the case, or that the cause was remanded to the state court by the United States circuit court; and, in either event, upon receiving such notice, we were entitled to at least a reasonable time to make our appearance in the state court. (*Jansen v. Grimshaw,* 125 Ill. 468, 17 N. E. 850; *Texas etc. Ry. Co. v. Davis,* 93 Tex. 378, 54 S. W. 381, 55 S. W. 562; *Parker's Admr. v. Clarkson,* 39 W. Va. 184, 19 S. E. 431; *Barney v. Latham,* 103 U. S. 205, 26 L. ed. 514; *Kinney v. Columbia Savings & Loan Assn.,* 191 U. S. 80, 24 Sup. Ct. 30, 48 L. ed. 103; *Burlington etc. Co. v. Dunn,* 122 U. S: 513, 7 Sup. Ct. 1262, 30 L. ed. 1159; *Home Ins. Co. v. Dunn,* 86 U. S. 214, 22 L. ed. 68.)

After a cause has been removed to the federal court, proceedings had pending the remanding thereof are entirely without legal force or effect. (*Kern v. Huidekoper,* 103 U. S. 485, 26 L. ed. 354: *Baltimore etc. v. Koontz,* 104 U. S. 5, 26 L. ed. 643; *Steamship Co. v. Tugman,* 106 U. S. 118, 1 Sup. Ct. 58, 27 L. ed. 87; *Birdseye v. Shaeffer,* 37 Fed. 821.)

If appellants were technically in default, they made a plain showing of mistake, inadvertence, surprise and excusable neglect. (*Bailey v. Taaffe,* 29 Cal. 423; *Hitchcock v. McElrath,* 69 Cal. 634, 11 Pac. 487.)

Where the circumstances under which a default was entered are such as to lead a court to hesitate, it is uniformly held to be better and safer to resolve the doubt in favor of the application so as to secure a trial and judgment on the merits. (*Wolff v. Canadian Pac. Ry. Co.,* 123 Cal. 535, 56 Pac. 453; *Merchants' A. S. Co. v. Los Angeles B. Co.,* 128 Cal. 619, 61 Pac. 277; *Matter of Tracey,* 136 Cal. 385, 69 Pac. 20; *Watson v. San Francisco & H. B. R. Co.,* 41 Cal. 17; *Grady v. Donahoo,* 108 Cal. 211, 41 Pac. 41.)

Robert H. Elder, J. L. McClear and R. E. McFarland, for Respondents.

If the cause was not in fact removable, or the removal was not seasonably applied for, an order of the state court

purporting to remove it has no force or effect. It does not confer jurisdiction on the federal court, and the cause still remains in the state court, and no order or other action of either court is required to reinstate the suit or restore the jurisdiction over it. (Black's Dillon on Removal of Causes, sec. 190; *Winchell v. Coney,* 54 Conn. 24, 5 Atl. 354.)

According to the weight of authority, if the state court proceeds in a case notwithstanding an attempted removal, and the case is subsequently remanded for want of jurisdiction, the intervening proceedings in the state court are valid. (34 Cyc. 1308; *Darton v. Sperry,* 71 Conn. 339, 41 Atl. 1052; *Dahlonega Co. v. Hall Merc.,* 88 Ga. 339, 14 S. E. 473; *Edgarton v. Webb,* 41 Ga. 417; *Roberts v. Chicago etc. Ry. Co.,* 48 Minn. 521, 51 N. W. 478; *Nat. Union Bank v. Dodge,* 42 N. J. L. 316; *Johnson v. Gelston,* 3 N. J. L. 668; *Hadley v. Dunlap,* 10 Ohio St. 1; *State v. Port Royal Ry. Co.,* 45 S. C. 413, 23 S. E. 363; *White v. Holt,* 20 W. Va. 792; *Johnson v. Wells,* 91 Fed. 1; *Tucker v. Interstate Life Assn.,* 112 N. C. 796, 17 S. E. 532.)

Where a state court grants an application for removal of a cause to the United States court, it is a declination to proceed further in the cause; but when it is ascertained that the order of removal was improper, that the United States court has not jurisdiction, the cause revives in the state court, and should be proceeded with as though no order of removal had been made. (*Germania F. Ins. Co. v. Francis,* 52 Miss. 457, 24 Am. Rep. 676.)

A state court does not lose jurisdiction of a cause by making an order transferring it to the circuit court of the United States when the latter court refuses to entertain jurisdiction. (*Thacher v. McWilliams,* 47 Ga. 306; *Knahtla v. Oregon Short Line,* 21 Or. 136, 27 Pac. 91.)

If, notwithstanding an attempted removal, the jurisdiction of the federal court has never attached, proceedings of the state court are valid as though the removal had never been attempted. (*Hunter v. Colquitt,* 73 Ga. 44; *Winchell v. Coney,* 54 Conn. 24, 5 Atl. 354.)

Where a case was improperly transferred to a United States court, it remained for the purpose of jurisdiction in the court of state where it originally commenced, and if the state originally had jurisdiction, it could not be deprived of it by a fruitless effort to remove it to the United States court. (*Greenlaw v. Williams*, 70 Tenn. 533; *In re Pennsylvania Co.*, 137 U. S. 451, 11 Sup. Ct. 141, 34 L. ed. 738.)

An application to open a default is addressed to the sound discretion of the trial court, and the order of the court will not be reversed on appeal unless it clearly appears that the court abused its discretion. (*Pittock v. Buck*, 15 Ida. 47, 96 Pac. 212; *Beck v. Lavin*, 15 Ida. 363, 97 Pac. 1028; *Bailey v. Taaffe*, 29 Cal. 422; *Vermont Marble Co. v. Black* (Cal.), 38 Pac. 512; *St. Mary's Hospital v. Nat. Ben. Co.*, 60 Minn. 61, 61 N. W. 824; *Hagar v. Wikoff*, 2 Okl. 580, 39 Pac. 281; *Pine Mountain etc. Co. v. Tabour*, 55 Minn. 287, 56 N. W. 895.)

Where a default has been regularly entered against a defendant personally served with summons, it is within the discretion of the court whether he shall be permitted to come in afterward and make defense. (*Lichtenberger v. Worm*, 41 Neb. 856, 60 N. W. 93; *Spencer v. Webb*, 1 Caines (N. Y.), 118; *Harrison* v. *Kramer*, 3 Iowa (3 Clarke), 543.)

AILSHIE, J.—This action was commenced in the district court in and for Kootenai county, and summons was served on the defendants, Kidd Island Lumber Co., Bradford-Kennedy Co., and J. N. Ashburn, on the 26th day of March, 1910. On the 5th day of April following, the Bradford-Kennedy Co., a Nebraska corporation, filed its petition in the district court for a removal of the cause to the circuit court of the United States for the district of Idaho, upon the ground of diverse citizenship and the further ground that a separable controversy existed between it and the other necessary parties to the suit which could be fully determined as between themselves. This petition, together with a bond approved by the district judge, was filed on April 5th, and on the same day the judge made an order of removal in which the following was

the closing sentence: "It is further ordered that all further proceedings in this cause be stayed and discontinued in this court." The transcript of the record was filed in the circuit court of the United States on the 23d of April, and on May 9th the plaintiffs appeared through their counsel in the circuit court of the United States, and moved to remand the case to the state court. This motion was heard on May 10th, and on May 11th an order was entered remanding the case to the state court. A certificate of the action of the circuit court of the United States in remanding the case was filed with the clerk of the district court in and for Kootenai county on the 13th day of May. Counsel for the defendants received notice of the ruling of the United States court on the evening of the 12th of May. On the 13th, and after the filing of the certificate remanding the case from the circuit court, the clerk of the district court entered the default of the defendants for failure to appear and answer within the statutory time, and the plaintiffs thereupon submitted their proofs to the court, and the court made findings of fact and conclusions of law, and entered a decree in favor of the plaintiffs according to the prayer of the complaint. Counsel for the defendants resided in Spokane, and on the 13th day of May they prepared and mailed to the clerk of the court at Coeur d'Alene for filing the separate demurrer of the Bradford-Kennedy Co. and the separate demurrer of the Kidd Island Lumber Co. and J. N. Ashburn, and mailed copies thereof to the attorneys for the plaintiffs. These demurrers were received by the clerk on the morning of the 14th and were by him filed. On or about the 14th attorneys for the defendant learned that default had been taken against them and judgment had thereupon been entered. They immediately prepared and on the 18th of May filed their motion to vacate and set aside the default and judgment upon the following grounds:

"1. That the same was premature and entered without authority of law, and beyond the jurisdiction of the court.

"2. The same was entered through mistake and excusable neglect of these defendants.

"3. These defendants have a good and meritorious defense to this action and tender herewith answers showing such defense.

"4. These defendants hereby offer to abide by any lawful order of this court conditioning their right to appear, plead to and defend this action.

"5. The entry of said default and judgment against these defendants amounts to the taking of their property without due process of law and in violation of the fourteenth amendment of the constitution of the United States."

This motion was accompanied by affidavits from the attorneys setting forth the detailed history of the matter and the fact that they immediately prepared and mailed their demurrers as soon as they learned of the action of the United States circuit court in remanding the case, and that default and judgment had been taken against their clients through their mistake, inadvertence and excusable neglect. After a hearing on this motion, the court denied the same, and the defendants thereupon appealed from the judgment and the order denying their motion to vacate and set aside the judgment.

We are confronted with but two propositions in this case: First, was the action of the clerk in entering the default of the defendants in accordance with the statute, or was it in violation thereof? Second, if the default was entered in accordance with law, was the showing made by the defendants sufficient to bring them within the purview of sec. 4229, Rev. Codes, entitling them to relief on account of their inadvertence, mistake or excusable neglect in failing to appear and answer within the time prescribed by statute?

The first question is readily answered by the statute itself. Sec. 4140 of the Rev. Codes allows the defendant twenty days within which to appear and answer. Sec. 4360 authorizes the clerk to enter a default of a defendant who fails to appear and answer within the time allowed for that purpose. The defendants in this case had failed to appear and answer within the time prescribed by the statute, and the clerk was acting clearly within the scope of his authority as prescribed

by law when he entered their default for failure to answer. The fact that the case had in the meanwhile been transferred to the federal court would not furnish a valid reason for the clerk's failing to enter the default after the cause was remanded. It is true that the transfer of the case prior to the expiration of the time for answering might have prevented the clerk from entering the default until the case was regularly sent back to the court of which he was clerk, but as soon as the case was sent back and it appeared from the return of summons that the time for answering had expired and no answer had been made, it was proper for him to enter a default.

The order of the district judge staying further proceedings in the state court had no reference to the appearance of the defendants, nor could it extend their time for answering. This order stayed proceedings in the district court only during the time the case might remain in the federal court, and had special reference to the removal and rested solely on the petition for removal. It follows that if the default was properly entered, the court had the jurisdiction to hear the proofs, make findings and enter judgment.

This brings us to the question as to whether the showing of surprise and excusable neglect on the part of the defendants was sufficient to entitle them to have the default set aside and the judgment vacated. The time which elapsed between the 26th day of March, the date on which the summons was served, and the 13th day of May, the day on which default and judgment were entered, was more than double the time allowed by statute for defendants to answer after service of summons. Had the case been pending all this time in the district court, there would have been no question about the right of the clerk to enter the default. When the defendants filed their petitions for removal, they made no appearance in the case by way of demurrer or answer or otherwise. Of course, at that time their time for answering had not expired. But, as we understand the law and rules of practice governing removal of causes from state to federal courts, the defendants might have demurred or answered

without prejudice to their petition for removal, provided their petition was filed at "any time before the defendant" was "required by the laws of the state or the rule of the state court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff." (25 U. S. Stats. 433; 4 Fed. Stat. Ann. 349 [U. S. Comp. St. 1901, p. 508]; Moon on Removal of Causes, sec. 153; *Champlain Const. Co. v. O'Brien,* 104 Fed. 930.) When the case was filed in the federal court, the defendants filed no demurrer or answer and, as we understand the rules of practice prevailing in that court, it was not necessary for them to do so until it was determined that the federal court would take jurisdiction of the case, and, if it decided to do so, not then until the pleadings were reformed to comply with the practice in that court. As soon as it was decided by the federal court that it would not take jurisdiction of the case, there was no occasion for the plaintiffs reforming their pleadings, and the defendants were at once put on notice that the time for answering in the state court had expired. It is true that they prepared demurrers on the following day and forwarded them to the clerk of the district court. This, however, might have been done within the time allowed for answering, and would thereby have saved all question or doubt in the matter. Had it turned out that the removal was properly made and that the defendants had made the proper showing for removal, there would have been no question about a default in the federal court. On the other hand, when it turned out that the defendants had never brought themselves within the federal statute authorizing the removal, it necessarily followed that they were subject to the practice and procedure prescribed by the state laws governing the action. The case was, in point of both fact and law, one of which the federal court had no jurisdiction, and so the jurisdiction was never transferred except in so far as it was necessary for the federal court to decide the sole question of jurisdiction.

In *Finney v. American Bonding Co.,* 13 Ida. 534, 90 Pac. 859, 91 Pac. 318, this court had under consideration a case where the defendant removed a case to the United States cir-

cuit court, and that court held that the removal had been properly taken and assumed jurisdiction, heard the case, and entered judgment, and on appeal to the circuit court of appeals the judgment of the circuit court was reversed and it was held that the case had never been properly removed to the circuit court, and it was ordered remanded to the state court. In the meanwhile, the defendant had neglected the proceedings which had been taken in the state court, and on appeal to this court asked that the time it had expended in the federal court trying to sustain its removal should be deducted from the time prescribed by the state statute and rules of the supreme court.   In reply to that proposition this court said: ''Where a party undertakes to remove a cause commenced in the state court to the United States court, and the cause is remanded on the ground that the United States court acquired no jurisdiction of the cause by such attempted removal, the party undertaking such removal must take the consequences of the same.''

The same question was again before this court in *Mills v. American Bonding Co.*, 13 Ida. 556, 91 Pac. 381, and after a further consideration of the matter the court said: ''Where a litigant seeks and procures a removal of a case from the state court to a federal court, and thereafter pursues his remedy in the latter court, and it is finally determined that the federal court has acted without jurisdiction and that the case has never been legally and regularly removed from the state court, and he thereafter takes up his case where he left off in the state court, the bar of the statute and rules of court limiting the time in which to pursue his remedy on appeal will be held to run against him the same as if he had never sought to prosecute his remedy in another forum.''

It seems to us proper and entirely just to both litigants to hold that when a defendant petitions for the removal of a cause from a state to a federal court, he becomes the actor in that particular, and that he must assume the risk and consequences that follow if he is unsuccessful and in the meanwhile has failed to protect and preserve his right under

the state statute and rules of practice prevailing in the state court.

It has been quite uniformly held that where the petition for removal and the pleadings and other files in the case constituting the record up to the time of the filing of the petition, all taken together, show upon their face that the federal statute has been complied with and that the case is one that should be removed, the jurisdiction is at once transferred from the state to the federal court. (*Steamship Co. v. Tugman,* 106 U. S. 118, 1 Sup. Ct. 58, 27 L. ed. 87; *Baltimore etc. Co. v. Koontz,* 104 U. S. 5, 26 L. ed. 643; *Chesapeake & O. R. Co. v. McCabe,* 213 U. S. 207, 29 Sup. Ct. 430, 53 L. ed. 765.)

It is also equally well settled that such a petition presents to the state court a pure question of law as to whether, admitting the facts stated in the petition for removal to be true, it appears on the face of the record, which includes the petition and pleading and proceedings down to that time, the petitioner has complied with the statute and is entitled to the removal of the suit. "That question the state court has the right to decide for itself." (*Burlington etc. Co. v. Dunn,* 122 U. S. 513, 7 Sup. Ct. 1262, 30 L. ed. 1159,) That decision must always yield, however, to the decision of the federal court on the same question. (*Chesapeake etc. Co. v. McCabe,* 213 U. S. 207, 29 Sup. Ct. 430, 53 L. ed. 765.)

It has been suggested by appellants in their brief that the judgment entered in this case is in violation of the fourteenth amendment to the constitution of the United States, in that it denies appellants the equal protection of the law. This contention is wholly without merit. The statute fixes the time within which a defendant shall appear and answer. That applies alike to all defendants. These appellants have had the same time as is allowed every other defendant in the state courts. The fact that appellants exhausted a part of their time in a vain endeavor to get out of the state court into the federal court is neither the fault of the law, the courts, nor the adverse party. If they saw fit to exhaust a part of their "day in court" in an effort to get into another

forum and failed, the consequence should justly and properly fall upon them and upon no one else. It should not serve as a means of extending the time allowed them by statute or of delaying the adverse party in getting his case to trial after the question of jurisdiction has been determined. (*McIver v. F. C. & P. R. Co.*, 110 Ga. 223, 36 S. E. 775, 65 L. R. A. 437; *Mills v. American Bonding Co.*, 13 Ida. 556, 91 Pac. 381.)

There was no abuse of the discretion vested in the trial court in denying the motion to vacate the judgment and set aside the default and permit the appellants to answer. *Judgment affirmed,* with costs in favor of respondents.

Sullivan, C. J., concurs.