# TRACY LOAN & TRUST CO. v. MUTUAL LIFE INS. CO. OF NEW YORK et al.

No. 4962. Decided January 25, 1932. (7 P. [2d] 279.)

*Van Cott, Riter & Farnsworth,* of Salt Lake City, for appellant.

*H. L. Mulliner,* of Salt Lake City, for respondents.

FOLLAND, J.

This is an action to recover on two policies of life and disability insurance each of which contained a so-called incontestable clause as follows:

"This policy shall be incontestable after two years from its date of issue except for non-payment of premiums."

From a judgment in favor of plaintiff and plaintiff in intervention, defendant appeals.

Two policies were issued March 16, 1925, to Warner Olson, one for $1,000 and the other for $1,500, payable on death of the insured, and also covered payments of $10 and $15, respectively, monthly upon proof of total permanent disability of the insured. The action was commenced by the insured in the district court of Salt Lake county April 27, 1926, wherein he sought to recover $175 claimed to be then due as disability benefits under the policies and praying that the policies be declared valid and subsisting con-

tracts. May 18, 1926, the defendant filed a motion and bond for removal of the action to the United States District Court, alleging the amount in controversy to be more than $3,000, since the action involved the validity of the policies of the face value of $1,000 and $1,500, together with monthly payments for disability which would accrue for the expectancy of the life of the insured, alleged to be more than twenty-one months. The state court ordered the removal of the cause. The transcript of the case was timely filed in the United States District Court for the District of Utah, Central Division. May 25, 1926, the insurer filed an answer and counterclaim in the federal court alleging the policies had been secured by fraudulent representations made by the insured. September 10, 1926, plaintiff filed a motion to remand the case to the state court and in this motion alleged that the plaintiff had died July 31, 1926. Letters of administration, upon application of the insurer, were issued February 25, 1927, the Tracy Loan & Trust Company on the estate of Warner Olson, deceased. On March 10, 1927, an order was made by the federal court on motion of defendant, acquiesced in by the administrator, to revive the action and substitute Tracy Loan & Trust Company as plaintiff in the action and as defendant to the equitable defense and counterclaim theretofore interposed. The same date an order was made adding as a party by intervention Frederica Olson, the beneficiary named in the policies. No service, however, was had on this party. Plaintiff renewed the motion to remand March 21, 1927, and on May 10, 1928, the federal court sustained this motion and made and entered its order remanding the cause to the district court of the Third judicial district of Utah in and for Salt Lake county. Transcript of the proceedings had in the federal court, together with copies of pleadings filed therein, were on May 11, 1928, filed in the state court. A complaint in intervention by Frederica Olson was, on October 24, 1928, by permission of court, filed in the state court, where she asked payment to her as beneficiary of the amount of the two policies, to which complaint the defendant filed its answer and counter-

claim November 20, 1928, setting up the alleged fraudulent representations of the insured in securing the policies and praying cancellation thereof.

The case was tried in the state court with a jury. The plaintiff and plaintiff in intervention adduced evidence in support of their complaints and rested. The defendant offered evidence in support of its allegations that the policies had been secured by false and fraudulent representations, to which offers plaintiff and plaintiff in intervention objected on the ground that it was an attempt to contest the policies of insurance after the expiration of two years from the date of issue, contrary to the provisions of the policies and of the statute, Comp. Laws Utah 1917, § 1154, subd. 2, and that the evidence offered was incompetent, irrelevant, and immaterial. The objections were by the court sustained and the evidence excluded. After each party had rested, the court directed a verdict in favor of the plaintiff administrator for the disability benefits which had accrued on the policies prior to the death of the insured and in favor of plaintiff in intervention for the full amount of the policies. Judgment was entered on the verdict. The assignments of error, of which there are 59, challenge the correctness of the order of the trial court in sustaining the objections to its offered evidence and in directing the jury to return verdicts in favor of plaintiff and plaintiff in intervention and in entering judgment on such verdict. All the points raised are directed to the question whether the insurer failed to contest the policies within two years from March 16, 1925, the date of issue of such policies.

The rule is now settled that under a policy containing an incontestable clause such as the one in these policies, the contest by the insurer is too late if begun after ■ two years of date of issue, and this is true although within that period the insured has died. *Mutual Life Ins. Co.* v. *Hurni Packing Co.*, 263 U. S. 167, 44 S. Ct. 90, 68 L. Ed. 235, 31 A. L. R. 102; *Killian* v. *Metropolitan Life Insurance Co.*, 251 N. Y. 44, 166 N. E. 798, 800, 64 A. L. R. 956.

The decisions are not unanimous as to how a contest under an incontestable clause may be begun. Some courts hold that a mere letter or notice of rescission with offer to refund premiums paid is a.sufficient act of contest. *Mutual Life Insurance Co.* v. *Hurni Packing Co.* ∎ (C. C. A.) 280 F. 18; *Great Southern Life Insurance Co.* v. *Russ* (C. C. A.) 14 F. (2d) 27. But the great weight of authority is that a mere letter of rescission is not a contest even if accompanied by an offer to return premiums paid, but that the insurer must make its contest in the courts, and that such a contest is nothing short of a proceeding where the parties are actually at grips with issues joined involving the invalidity of the policy. The cases hold "a contest begins when the contestant, satisfied no longer with minatory gestures, are at grips with each other in the arena of the fight. When the fight is a civil controversy, the arena is the court." *Killian* v. *Metropolitan Life Insurance Co.*, supra. "A contest so provided for imports litigation, the invoking of judicial action to cancel or prevent the enforcement of the policy, either by a suit to that end or by a defense to an action on the policy." *Northwestern Mutual Life Insurance Co.* v. *Pickering* (C. C. A.) 293 F. 496, 499, certiorari denied 263 U. S. 720, 44 S. Ct. 229, 68 L. Ed. 524. "In order to contest the policy it (the insurer) was required to file an answer to the suit brought by the beneficiary within one year, or to have instituted an action of its own in equity to cancel the policy on the ground of fraud." *Missouri State Life Ins. Co.* v. *Cranford*, 161 Ark. 602, 257 S. W. 66, 69, 31 A. L. R. 93. Other cases supporting this rule are cited in 37 C. J. 540 and in the recent decisions of *Killian* v. *Metropolitan Life Insurance Co.*, supra; *New York Life Insurance Co.* v. *Hurt* (C. C. A.) 35 F. (2d) 92; *Rose* v. *Mutual Life Insurance Co.* (C. C. A.) 19 F. (2d) 280; and *Powell* v. *Mutual Life Insurance Co. of N. Y.*, 313 Ill. 161, 144 N. E. 825, 36 A. L. R. 1239 and note. It follows that the filing of an answer or counterclaim such as was filed in the federal court would be sufficient if the filing in that court is to be given the

same effect as would follow had it been filed in the state court without removal, or had there been no remand to the state court from the federal court.

The appellant contends it commenced its contest of the policies within time because: (1) Of the filing of its answer and counterclaim in the federal court after removal within the two-year period; (2) by the filing within the two-year period in the state court of its petition for removal of this cause, which petition alleged that the insured made representations of facts known by him to be false but which were relied on by the insurer in issuing the policies of insurance. These, it claims, were sufficient acts of contest to meet the requirements of the law. It also contends it is within time because within one year after its counterclaim failed in the federal court it filed a similar counterclaim in the state court and such additional one-year time was authorized by Comp. Laws Utah 1917, § 6484.

The answer and counterclaim filed in the federal court allege facts sufficient to initiate a contest on the policies if such filing in that court is to be taken as the filing of an answer and counterclaim in the cause. It is claimed, however, by the respondents that the filing of such answer and counterclaim in the federal court was a nullity because by its order to remand the federal court conclusively decided it had no jurisdiction of the cause, and therefore such order and counterclaim were not filed in a court having jurisdiction of the cause, that the cause was never in the federal court, and that the filing of such papers in that court did not amount to a contest. Respondents concede that the insurer clearly evidenced its intention or purpose to resist payments on the policies, but say that it did nothing to initiate a contest until after the two-year period had expired. The filing of its answer and counterclaim in the state court, after remand from the federal court, was at a time beyond the two-year period provided for contest in the policies. If the answer and counterclaim filed in the federal court during the attempted removal initiated a contest, then this cause should be reversed and a new trial ordered, for

they were filed within the two-year period; but if the filing of such papers in that court did not constitute a contest, then the appellant cannot prevail, at least on this contention. The trial court held that the filing of the answer and counterclaim in the federal court was of no legal significance and did not amount to a contest of the policies. There are no authorities directly in point on the facts in this case, but there are cases deciding what, if any, effect is to be given to pleadings filed and orders made in the federal court under circumstances such as are present in this case.

It is well settled that it is for the state court to determine what effect, if any, shall be given pleadings filed or orders made in federal courts while the cause was pending there before remand. 54 C. J. 376; *Ayres* v. *Wiswall*, 112 U. S. 187, 5 S. Ct. 90, 28 L. Ed. 693; *Cates* v. *Allen*, 149 U. S. 451, 13 S. Ct. 883, 37 L. Ed. 804; *Broadway Insurance C.* v. *Chicago G. W. R. Co.* (C. C.) 101 F. 507.

The rule is stated in 54 C. J. 376, as follows:

"Where remand is based upon want of jurisdiction on the part of the Federal Court at the time of the removal, any findings and orders made by such court pending the remand are not binding, either upon the state court or upon the parties to litigation, except, perhaps, in so far as parties by consenting to such orders may have become bound as by contract; nor, on the other hand can any advantage of such orders be taken by the state court."

This rule is well supported by cases which hold that, where remand is based on want of jurisdiction on the part of the federal court, any findings or orders made by such court during the time the case was there are void and are not binding upon the state court nor upon the parties. *Graves* v. *Corbin*, 132 U. S. 571, 10 S. Ct. 196, 33 L. Ed. 462; *Ayres* v. *Wiswall*, supra; *Doane* v. *Corbin*, 44 Ill. App. 463; *Floody* v. *Chicago, St. P., M. & O. R. Co.*, 104 Minn. 132, 116 N. W. 111; *Colburn* v. *Hill* (C. C. A.) 103 F. 340; *Early* v. *Beecher*, 7 Lea (75 Tenn.) 256; *Levinski* v.

*Middlesex Banking Co.* (C. C. A.) 92 F. 449. An answer filed in such court under such circumstances is not recognized as a pleading in the cause, and does not serve to extend the time within which the party may plead to the complaint in the state court. *Citizens' Light, Power & T. Co.* v. *Usnik,* 26 N. M. 494, 194 P. 862; *Early* v. *Beecher,* supra. It has also been held that the filing of an answer and cross-complaint in the federal court after removal of the same from the state court did not operate as a waiver of the right in the defendant to file a plea of privilege for change of venue in the state court after the cause was remanded to it. *Bishop-Babcock Sales Co.* v. *Lackman* (Tex. Civ. App.) 4 S. W. (2d) 109. From this ruling it would logically follow that the answer and counterclaim were ineffective as pleadings, and when the cause was remanded it stood in the state court as if no pleadings amounting to the entry of a general appearance had been filed. Removal of the cause to the federal court, followed by a remand, does not prevent the running of the time within which to take an appeal from a judgment rendered in the state court in the interim. *Finney* v. *American Bonding Co.,* 13 Idaho 534, 90 P. 859, 91 P. 318; *Mills* v. *American Bonding Co.,* 13 Idaho 556, 91 P. 381. When a proper petition for removal is filed with bond, the state court loses jurisdiction of the cause if the case is a proper subject for removal, and any order made thereafter by the state court is void, *Madisonville Traction Co.* v. *St. Bernard Mining Co.,* 196 U. S. 239, 25 S. Ct. 251, 49 L. Ed. 462. But where a motion for removal is made and the petition is not effective for that purpose, or after removal the federal court remands the cause for want of jurisdiction, and in the interim orders are made or judgment entered by the state court, these are valid notwithstanding they are made after an attempted removal. *Yankaus* v. *Feltenstein,* 244 U. S. 127, 37 S. Ct. 567, 61 L. Ed. 1036; *State* v. *American Surety Co.,* 26 Idaho 652, 145 P. 1097, Ann. Cas. 1916E, 209; *Western Indemnity Co.* v. *Kendall,* 27 Ariz. 342, 233 P. 583; *Union Gas & Oil Co.* v. *Indian-Tex Petroleum Co.,* 203 Ky. 521, 263 S. W. 1; Foster's Federal Practice (6th Ed.)

3041. The reason or theory underlying these results is that when a case is remanded by the federal court for want of jurisdiction, the state court is regarded as never having lost its jurisdiction and the federal court never acquired jurisdiction. *Finney* v. *American Bonding Co.*, supra; and *Germania Fire Insurance ·Co.* v. *Francis*, 52 Miss. 457, 24 Am. Rep. 674; 54 C. J. 345. At most, the state court is said to have merely had its jurisdiction suspended during the period of the attempted or colorable removal of the cause. *Knahtla* v. *Oregon Short Line & U. N. R. Co.*, 21 Or. 136, 27 P. 91; *Germania Fire Ins. Co.* v. *Francis*, supra; *Seeligson's Executors* v. *Texas Transportation Co.*, 70 Tex. 198, 7 S. W. 708. The effect of the order of remand is to put an end to the interruption of the jurisdiction which obtained in the state court before the filing of petition for removal. The state court cannot review or correct the ruling of the federal court, but must proceed to exercise the jurisdiction over the case which the federal court in effect has declared it had no power to supersede. *Feeney* v. *Wabash R. Co.*, 123 Mo. App. 420, 99 S. W. 477.

We think it follows from these cases that the answer and counterclaim filed in the federal court was without effect as to the initiation of the contest because filed in a court without jurisdiction of the cause. When the cause was remanded and answer and counterclaim filed in the state court, it was too late because the two-year period had already expired. Where a defendant petitions for removal, he becomes the actor in that particular and must assume the consequences that follow if he is unsuccessful and in the meantime he has failed to preserve his rights under the state statutes and rules of the state court. If he exhausts his time in a vain endeavor to get out of the state court and into the federal court, it is not the fault of the law, the courts, nor the adverse party, and the consequences should.justly fall upon him and no one else. *Mills* v. *American Bonding Co.*, supra. It must also be remembered that in this case the insured was the original plaintiff and was alive at the time of the removal of the cause to the federal

court and for some two months or more thereafter. Had the case proceeded in the state court his testimony would have been available. The insurer did not proceed to contest the policies in the state court which had jurisdiction, but for the purpose of gaining what it believed to be an advantage to itself attempted to have the cause removed to the federal court. It used considerable time fruitlessly in this effort, and in the meantime the original plaintiff died. Having failed in its effort because of lack of jurisdiction in the federal court, the law requires that it must accept and be bound by any disadvantage accruing to it from its abortive effort.

Appellant argues that it is not necessary, in order to make a contest, to invoke judicial action by a pleading under which the issue of fraud can be tried and decided. *Joseph* v. *New York Life Insurance Co.*, 308 Ill. 93, 139 N. E. 32; *Scharlach* v. *Pacific Mutual Life Insurance Co.* (C. C. A.) 9 F. (2d) 317. In both these cases an answer was filed within the contestable period making a contest on the policies. Amendments were allowed more specifically and adequately alleging the facts. Each of these decisions was based upon the theory that an issue was made by the original answer contesting the policy for fraud in its procurement. The amendments merely made a more perfect statement of the ground of contest. These cases recognize the rule that the contest required by the policy must be by an answer filed within the contestable period in cases where the action is on the policy and the insurer the defendant. These cases cannot help the defendant, because here there was no answer filed within the contestable period except the one filed in the federal court and which we hold to be unavailing for the purpose of initiating a contest. *Powell* v. *Mutual Life Ins. Co.*, 313 Ill. 161, 144 N. E. 825, 36 A. L. R. 1239, is cited to the proposition that if the insurer makes a contest by filing a pleading it remains a contest although the case in which it is filed is never tried. The real point decided, however, in that case is that an unaccepted offer of rescission by notice and offer of premiums made within the contestable period

is insufficient and that it was necessary for the insurer during such period to contest by affirmative action before a proper tribunal or by defense in an action on the policy. By way of argument and illustration it was said that if the insurer filed its bill in equity within time and a suit at law is commenced on the policy, the insurer is protected by its affirmative act whether the issue of fraud be tried in the one or the other of such causes. The rule, however, is not applicable here because no such suit in equity was commenced by the insurer within the contestable period. The cases of *Moloney* v. *Cressler* (C. C. A.) 236 F. 636; *Pittsburgh, C. C. & St. L. R. Co.* v. *Beemis,* 64 Ohio St. 26, 59 N. E. 745; and *Gaines* v. *City of New York,* 156 App. Div. 789, 142 N. Y. S. 401; Id., 215 N. Y. 533, 109 N. E. 594, L. R. A. 1917C, 203 Ann. Cas. 1916A, 259, are cited to the proposition that filing of an answer and counterclaim or the filing of a complaint in a court without jurisdiction of the cause is an invocation of judicial action and will serve to toll the statute of limitation so that another action might be brought, when such cause fails other than on its merits, within the extended time of the saving statute. These cases involve the application of the statute of limitations to the bringing of an action where the rule favors the plaintiff claiming to have brought such an action, whereas in the instant case the question is one of contest under the incontestable clause of the insurance policy, where a construction favorable to the insured must be followed. The Beemis Case was decided under a statute more liberal than ours, providing that "if on an action commenced or attempted to be commenced in due time   *   *   *   plaintiff fails other than upon the merits," etc., he may bring a new action within a year thereafter. This also is quite a different thing from the provisions of the insurance policy providing that the policy is incontestable after two years. While the argument based on these decisions has considerable merit, we do not feel that we can follow them or the inferences drawn from them, in the face of the other decisions which we have cited which pass directly upon the effect, if any, to be given

papers or pleadings filed in a federal court after removal from a state court when the case is remanded for want of jurisdiction.

We next consider whether the filing in the state court of the petition for removal operated to initiate a contest on the policies. It is urged by appellant that it did because the petition fully sets up the contest made by the insurer in that it alleged that the insured had knowingly mis- ■ represented the facts for the purpose of inducing the issuance of the policies, that the insurer relied upon such statement of facts, that the insured secured the policies by means of false representations, and that the policies should be canceled. It is said that such petition is part of the record in the state court and serves to apprise its adversary of a present purpose to maintain its right by a contest of the policy. This may all be true, and yet it would not follow that the filing of this petition is the initiation of a contest in the state court. The authorities hold that a petition for removal is not a general appearance nor the equivalent of a general appearance in the state court. *Morbeck* v. *Bradford-Kennedy Co.,* 19 Idaho 83, 113 P. 89; *State* v. *American Surety Co.,* supra; *Doane* v. *Corbin,* supra; *Michigan Central R. Co.* v. *Mix,* 278 U. S. 492, 49 S. Ct. 207, 73 L. Ed. 470; *Wabash Western R. Co.* v. *Brow,* 164 U. S. 271, 17 S. Ct. 126, 41 L. Ed. 431; *Citizens' Light, P. & T. Co.* v. *Usnik,* supra.

The petition for removal not being a general appearance could not be considered as initiating a contest in the state court, as it did not call for any adjudiciation by the state court of any matter or issue raised by the complaint and certainly was not an answer or equivalent of an answer which would create an issue. Its effect was merely to take the cause out of the state court and remove it into the federal court. *Llanez* v. *Chisos Mng. Co.* (Tex. Civ. App.) 285 S. W. 646. A motion or petition for removal and filing of bond in the state court does not operate to extend the time within which the petitioner may appear and plead in the state court when the cause is remanded. *State* v. *American Surety Co.,*

26 Idaho 652, 145 P. 1097, Ann. Cas. 1016E, 209; *Morbeck* v. *Bradford-Kennedy Co.,* supra.

If the filing of petition for removal be no more than notice that the insurer intends to contest, then it is of no more effect than a letter of rescission or notice of such fact given in any other manner. This, we have already seen, is insufficient to initiate a contest. The cases above cited indicate that nothing short of a complaint filed by the insurer for the purpose of setting aside the policy or an answer contesting the policy in an action brought to enforce it is sufficient to make a contest under an incontestable clause of an insurance policy. The petition for removal, which was not a general appearance, and is not regarded as a pleading, and at best merely a notice that the party intended to make a contest, is not effective for the purposes urged.

It is further contended by the appellant that Comp. Laws Utah 1917, § 6484, operated to extend its time one year because it failed on its answer and counterclaim in the federal court otherwise than upon the merits and filed its answer and counterclaim in the state court within a year of the order of remand. It seems to us that in order to sustain appellant's argument on this point, it would have been necessary for us to have found that the filing of the answer and counterclaim in the federal court had amounted to a contest, and if this had been the decision, then, of course, there is no need to urge the saving statute. We have held, however, that this did not initiate a contest. We think it clear that when the insurer has once initiated such a contest either by suit commenced by it or by answer in an action on the policy within the contestable period, the effect of such contest would be, unless thereafter waived, to give the insurer the benefit of such act in the future, either in that or in any other action upon all and only such such grounds as were set forth in such contest, and it is not necessary that the insurer be successful in that particular action if the reason for lack of success be other than a failure on the merits. *New-York Life Ins. Co.* v. *Hurt,*

supra. If the contest is actually initiated within time and the action wherein such were accomplished failed other than on the merits, then the insurer might well urge that its time is extended one year under the saving statute. That is not this case. In any event, we are not concerned with the commencement of an action, but with the initiation of a contest, and this we have held was not initiated by the insurer within time.

It is urged by appellant that at the time of filing the petition for removal and of its answer and counterclaim in the federal court and until March 12, 1928, the cause was one properly removable to the federal court and that during such time that court had jurisdiction of the case, and it would therefore be unjust and unsound to hold that the proceedings had and pleadings filed during such period in the federal court be ignored and disregarded. The reason for this argument is that on March 12, 1928, the Supreme Court of the United States by its decision in the case of *Mutual Life Insurance Co.* v. *Wright*, 276 U. S. 602, 48 S. Ct. 323, 72 L. Ed. 726, is claimed to have departed from an established rule respecting jurisdiction of federal courts in similar cases to this, under which rule this cause was properly within the jurisdiction of the federal court, and by such decision announced another and different rule which required that the federal court remand the case as without jurisdiction. This seems to be an attempt to call on this court to review the decision of the federal court in remanding the cause. This we may not do. Whatever reasons the federal court may have had for making its order remanding the cause, such decision by the federal court is final and conclusive and is not subject to review in this court. *Rio Grande Western R. Co.* v. *Telluride Power Transmission Co.*, 23 Utah 22, 63 P. 995.

The judgment of the district court is affirmed, with costs to respondent.

CHERRY, C. J., and STRAUP, ELIAS HANSEN, and EPHRIAM HANSON, JJ., concur.