Frank V. Kelly, Doing Business as Standard Lubricant Company, Plaintiff, Respondent, v. Carson Petroleum Company (a Delaware Corporation), Defendant, Appellant.

Supreme Court, Appellate Term, First Department, November 13, 1924.

Parties — substitution of party — court has power pursuant to Civil Practice Act, § 192, to change name of party in action — appeal from order amending and changing title of action dismissed.

Section 192 of the Civil Practice Act permits the addition or substitution of new parties at any stage of a cause of action as the ends of justice may require.

Accordingly, defendant's appeal from an order amending and changing the title of an action, which title was set up through a *bona fide* mistake of the plaintiff, should be dismissed, since the court was authorized to make the substitution and the order was not specifically appealable.

Appeal by defendant from an order of the Municipal Court of the city of New York, borough of Manhattan, ninth district, " amending and changing the title of the action " from " Frank B. Kelly, doing business as Standard Lubricant Company, Plaintiff, to Standard Lubricant Company, Inc. (a New York Corporation), Plaintiff."

*Frueauff, Robinson & Sloan (Bernard M. Shanley, 2d, of counsel),* for the appellant.

*Henry S. Goodspeed,* for the respondent.

Bijur, J. Respondent submits an affidavit of its attorney to the effect that he was under the impression that his client was doing business under a corporate name, and was not aware that the company had been duly incorporated. Kelly, the individual plaintiff in the action as originally entitled, submits a supporting affidavit to the same effect. The respondent justifies the order under section 192 of the Civil Practice Act, which provides: " New parties may be added or substituted * * * at any stage of the cause as the ends of justice may require." The report of the joint legislative committee of 1919 contains the notation that this section is new and that the reference to substitution covers section 1588 of the Code of Civil Procedure (which has been omitted) and adds: " This provision is from the New Jersey Practice Act of 1912, Sec. 9. See also English Practice, Orders 16, Rule 11."

But neither section 9 of the New Jersey Practice Act nor rule 11

of the English Practice Act has any reference to the substitution of parties. Section 1588 of the former Code of Civil Procedure relates only to actions for partition and covers merely the death of one of two or more plaintiffs or one of two or more defendants in such an action. As matter of fact the only direct precedent for permitting substitution is rule 2 of orders 16 of the Rules of the Supreme Court, known in this country as the English Practice Act, which, so far as material, reads: " Where an action has been commenced in the name of the wrong person as plaintiff,   *   *   *   the court or a judge may, if satisfied that it has been so commenced through a *bona fide* mistake,   *   *   *   order any other person to be substituted   *   *   *   as plaintiff upon such terms as may be just."

This rule has been the subject of numerous decisions in England, as will be seen from the annotations to " The Annual Practice." Their purport is that the discretion should be exercised freely where the defendant is not prejudiced, and that usually costs should be allowed.

There is no claim in the instant case in regard to the absence of terms, but merely an attack upon the power of the court to allow the change. See, also, *People ex rel. Durham Realty Corp.* v. *Cantor*, 234 N. Y. 507, adopting opinion of Clarke, P. J., 201 App. Div. 834.

As the court had power to make the change, and the order is not specifically appealable, the appeal must be dismissed.

All concur; present, GUY, BIJUR and MULLAN, JJ.

Appeal dismissed.