William P. Abrams, Individually and on Behalf of General Liquor Company, a Copartnership, Respondent, *v.* General Financial Corporation et al., Appellants, et al., Defendants.

In the Matter of the Application of Milton Jones and Others, Appearing Specially, Appellants.

*Per Curiam.* Though plaintiff may have intended to seek redress against three individuals constituting a copartnership doing business under the name " General Financial Company," his action was brought against the " General

Financial Corporation," a corporation as alleged in the complaint "organized and existing under and by virtue of the laws of the State of New York." As appears from the affidavit of service indorsed on the original summons, the summons and complaint were purportedly served upon that corporation by personal delivery of a copy to an officer thereof, to wit, its manager, Milton Jones. The corporation which plaintiff was suing had been out of existence for five years. Actually, plaintiff's claim appears to be against a copartnership composed of Jones, Seidman and Holzman, doing business under the name of the "General Financial Company." The personnel of this partnership is not identical with those who had been the holders of the stock of the corporation. No process was at any time served upon the copartnership.

In the circumstances this is not a case where a misnomer of the parties defendant is merely involved which would permit the correction of the name. There is no authority which sanctions an entire change of name of the defendant or defendants by the substitution of other and entirely different defendants for the one actually served. (*New York State Monitor Milk Pan Assn.* v. *Remington Agric. Works*, 89 N. Y. 22; *Gray* v. *Vought & Co.*, 216 App. Div. 230.) The court is without power to permit such a substitution, particularly where, as here, it might operate to deprive appellants of the right to plead as a bar to the action that the Statute of Limitations had become effective against plaintiff's claim since the commencement of the action against the corporation. (*Gray* v. *Vought & Co., supra,* p. 233.) The order granting plaintiff's motion to substitute as parties defendant the members of the copartnership in place of the corporation should be reversed, with $20 costs and disbursements to the appellants, and the motion denied.

The appeal from the order entered December 6, 1947, should be dismissed.

Glennon, J. P., Cohn, Callahan, Van Voorhis and Shientag, JJ., concur.

Order entered June 26, 1947, granting plaintiff's motion for substitution, unanimously reversed, with $20 costs and disbursements to the appellants, and the motion denied. Appeal from order entered December 6, 1947, unanimously dismissed. Settle order on notice.