MAX SAFRIN, Plaintiff, *v.* JOE FRIEDMAN HAT CO., INC., Defendant.

Supreme Court, Special Term, Kings County, May 27, 1949.

*Milton L. Cobert* for plaintiff.

*Abraham Zemlock* for defendant.

WALSH, J. Plaintiff moves to substitute as defendant "Joe Friedman Hat Co., a partnership, in the place and stead of defendant Joe Friedman Hat Co., Inc., with the same force and effect as if said Joe Friedman Hat Co. had been originally named and served with the summons and complaint in this action, and amending the caption" to show Joe Friedman Hat Co. as defendant. This action was started June 25, 1948. An attorney for a trade association moved to have the controversy submitted to arbitration. The motion was denied. Then the defendant, through its own attorney, answered and denied the allegation of the complaint that the defendant "is a domestic corporation," etc. An amended complaint was served and the same denial was repeated in an answer to the amended complaint. Plaintiff contends that he did not know of the dissolution of the corporate defendant until May, 1949, when Joe Friedman appeared for an examination before trial. If that is the fact, it is because the denials of the corporate existence in the defendant's answers were overlooked. It now appears that Joe Friedman Hat Co., Inc., had actually been dissolved in 1944. The question presented here is a close one. Plaintiff cites several cases but they are not directly in point. The most helpful one appears to be *Ward* v. *Terry & Tench Constr. Co.* (118 App. Div. 80). By a divided court the plaintiff was permitted to substitute a new corporate defendant in place of the one named. Justice LAUGHLIN, writing for the majority, distinguished (p. 84) that case from *New York State Monitor Milk Pan Assn.* v. *Remington Agric. Works* (89 N. Y. 22), cited by the defendant, where the

court reversed an order of General Term which permitted the substitution of three persons as defendants who continued a corporate business under a name similar to that of the corporation which had been dissolved. The court stated (p. 24) : " While full authority is conferred for adding or striking out the name of a person or a party, or correcting a mistake in such name, it does not sanction an entire change of name of the defendant by the substitution of another or entirely different defendants."

The alleged error here is not the kind that can be corrected under section 105 of the Civil Practice Act. In any event, because of the tolling of the Statute of Limitations as to part of plaintiff's claim, to allow such a correction at this time would be prejudicial to the defendant.

The court does not feel that rule 93 of the Rules of Civil Practice applies in this case. That rule is concerned with the proof of the corporate existence and a mistake by way of misnomer. Section 192 of the Civil Practice Act provides that " New parties may be added or substituted and parties misjoined may be dropped by order of the court at any stage of the cause as justice may require." The source of this section is section 723 of the Code of Civil Procedure and section 1588 thereof (*Kelly* v. *Carson Petroleum Co.,* 123 Misc. 918; 2 Carmody on New York Pleading and Practice, § 530, n. 8).

The court cannot feel that that section is authority for the kind of substitution that the plaintiff seeks to accomplish on this motion. The individual, Joe Friedman, was not a party to this action although the service was made upon him as president of the named corporate defendant. Plaintiff now wishes to substitute Joe Friedman and another as copartners. This would amount to the substitution of entirely different defendants.

Since dictating this decision, the attorney for the plaintiff has brought to the court's attention a decision by Mr. Justice STEUER in *Princeton Textile Print. Corp.* v. *Peek Paper Corp.* 195 Misc. 955). This court concurs in what is there stated: " The problem presented does not admit of a categorical answer. Its solution depends on the method of approach."

In that case a corporation was named as plaintiff. It had been dissolved and a partnership of the same name succeeded. The substitution of a plaintiff, however, presents an entirely different problem. (See *Kelly* v. *Carson Petroleum Co., supra.*) A plaintiff may submit to the jurisdiction of the court. However, a substitution of defendant is involved in the instant case. Here, the court is asked, in substance, to dispense with the usual service of a summons and complaint upon a new defendant and,

without such service, to make the new party a defendant with the same force and effect as if served eleven months ago.

The motion is granted to the extent of permitting the joinder of the individuals doing business as a partnership and by dropping the corporate defendant, and the service of a supplemental summons and second amended complaint upon the new defendants, as provided in the Civil Practice Act, if the plaintiff elects to do so. Settle order.