MARY PICKFORD, Plaintiff, *v.* RINA M. KRAVETZ, as Executrix of MAX M. KRAVETZ, Deceased, Defendant and Third-Party Plaintiff. PICKFORD CORPORATION et al., Third-Party Defendants.

Supreme Court, Special Term, New York County, June 4, 1954.

*Stuart G. Schwartz, Myles J. Lane* and *Herbert P. Jacoby* for Charles Chaplin, third-party defendant appearing specially.

*Jay Leo Rothschild* and *Meyer Boskey* for defendant and third-party plaintiff.

*Davis Polk Wardwell Sunderland & Kiendl* for plaintiff.

STEUER, J. Plaintiff brought suit against defendant in this court. The action was removed to the United States court on the ground of diversity of citizenship. While in that court defendant sought to join several persons as third-party defendants. One of these contested the validity of the service upon him. His motion to vacate the service was denied. Thereafter

it was discovered that no diversity of citizenship in fact ever existed and the case was remanded to this court. The same third-party defendant now moves here to vacate the service.

It appears that whether or not the service was valid according to the rules of the Federal court, it did not conform to the requirements of section 225 of the Civil Practice Act. So the first question presented is whether jurisdiction of the third-party defendant was obtained. In all cases in which removal to the Federal court has been followed by remand to the State court on the ground that the original removal was not warranted, the Federal court refuses to take any position as to the validity of any proceeding or process had or made while the action rested with it and leaves to the State court to determine what recognition should be given to the steps taken (*Ayres* v. *Wiswall*, 112 U. S. 187).

This being so, it is urged by plaintiff that it is a matter of absolute discretion as to how much recognition to give by way of comity to the acts done in the Federal court. Ordinarily, this would be a matter of judicial policy, but the paucity of decided instances prevents the discovery of any formulated policy in this State. In other jurisdictions there is variance in policy. (In Utah an answer filed in the Federal court was held a nullity and a defense, timely when served, was held untimely in the new answer required to be served. [*Tracy Loan & Trust Co.* v. *Mutual Life Ins. Co. of N. Y.*, 79 Utah 33.] In Texas it was held that a provisional remedy was timely where the statutory time had run out before the remand. [*Bishop-Babcock Sales Co.* v. *Lackman*, 4 S. W. 2d 109].) It would be presumptuous to formulate a policy and then try to classify this case within it. It would be more fitting to try to discover the appropriate action on the specific question.

In this connection the plaintiff makes two suggestions. The first is that the lack of jurisdiction being pleaded in the answer, it is available to the third-party defendant, and so the question need not be decided now. However inviting this escape may be, it should not be availed of. The second is that the service should be recognized as valid in the forum where the case was reposing and conforming to the broad purpose of all process, namely, advising the defendant of the claim against him. The last is self-defeating. This State has ever been jealous of its standards of service (*Erickson* v. *Macy*, 231 N. Y. 86). It would be hard to imagine a change in procedure which would be met with more resistance. So the conclusion is reached that the courts of this State would not recognize

jurisdiction over a defendant upon whom process was served in a less direct way than our statute provides merely because the method used was proper in another forum which admittedly did not have jurisdiction and hence could not rightfully prescribe the method.

This determination makes unnecessary any inquiry into whether a review of the determination of the Federal court that its rules were followed in the service made is fitting, and, also, what, if such review were had, the answer would be.

Motion granted and service vacated.