TRINITY UNIVERSAL INS. CO. *v.* ROBINSON.

5-1185                                              299 S. W. 2d 833

Opinion delivered March 4, 1957.

[Rehearing denied April 8, 1957.]

*Wm. Andress, Jr.,* Dallas, Tex.; *Jay W. Dickey,* for appellant.

*John Harris Jones,* for appellee.

SAM ROBINSON, Associate Justice. Appellant, Lancaster & Love, Inc., contractors, entered into a contract with the City of Pine Bluff for the construction of a sewer system. Appellant, Trinity Universal Insurance Company, made the Contractor's Surety Bond.

Lancaster & Love subcontracted the construction of six tunnels through railroad embankments to appellee, George J. Robinson and others, doing business as Robinson Construction Company. According to the terms of the subcontract, Robinson was to receive as consideration $52,792 plus $791.00.

Robinson filed the present suit in the Jefferson Chancery Court against Trinity Universal Insurance Company and the City of Pine Bluff *et al.,* alleging performance of the subcontract; that the sum of $30,208.02 was due and unpaid, and that the subcontractors were entitled to a judgment for said sum plus a 12% penalty and attorney fees. The City of Pine Bluff *et al.* were brought in on a *quantum meruit* and assignment theory. See *Robinson* v. *City of Pine Bluff,* 224 Ark. 791, 276 S. W. 2d 419, for previous litigation in this court on that angle of this case.

This case was removed to the Federal Court and remanded to the State Court several times. By consent of the parties, the answer filed in the Federal Court by Trinity Universal Insurance Company was considered as filed in its behalf in Jefferson Chancery Court and also considered as being filed on behalf of Lancaster & Love.

In addition to certain denials and admissions, the answer asserts two affirmative defenses: First, that under the terms of the subcontract Lancaster & Love was entitled to liquidated damages at the rate of $25.00 per day because the work under the subcontract was not completed within the time required; and second, that Lancaster & Love was not obligated to pay Robinson prior to the time that the City paid Lancaster & Love. The answer makes these admissions:

"Defendant admits the allegations of paragraph 9, except the allegation that the balance of $30,208.02 is owing and due."

Paragraph 9 is as follows:

"In addition to the work provided for under the original contract price of $52,792, plaintiffs upon authorization and direction of City of Pine Bluff and Lancaster & Love, Inc. constructed Tunnel No. 6 under said Contract as 42 inches in diameter rather than 36 inches as called for in the original specifications for an agreed additional consideration of $791.00, making a total contract price of $53,583 to be paid to plaintiffs under said Contract and Supplemental Agreement. Of said sum the amount of $13,930.93 has been paid to plaintiffs, and materials, labor and equipment rental of the agreed value of $9,444.05 has been furnished to plaintiffs, leaving a balance of $30,208.02 owing to plaintiffs from the defendants, which sum is now due."

The answer also admits Paragraph 11 of the complaint, which is as follows:

"Defendant City of Pine Bluff had knowledge of, and agreed to, said Contract by and between Lancaster & Love, Inc. and plaintiffs for the construction to be

performed under said Supplemental Agreement and of the *performance thereof by plaintiffs.* Said City of Pine Bluff has received the benefits of the work performed by plaintiffs under said Contract. That the reasonable value of said benefits of the City of Pine Bluff resulting from the aforementioned construction done by plaintiff was not less than $53,583 of which said City of Pine Bluff would be entitled to the above stated credits totaling $23,374.98, leaving a balance due plaintiffs of $30,208.02 with interest thereon at the legal rate from April 6, 1953, on which date said City of Pine Bluff placed in use said construction work performed by plaintiffs.''

Appellants, in answer to requests for admissions, admitted that the tunnels had been approved by the Engineer acting for the City of Pine Bluff on or before July 17, 1952 and that Lancaster & Love, Inc. did not complete or turn over to the City the entire works or project until October 31, 1952.

Appellees filed their motion to strike the two affirmative defenses set up by appellants as dilatory and frivolous. After the motion to strike was sustained, appellees moved for judgment on the pleadings. Appellants, Trinity Universal Insurance Company and Lancaster & Love, Inc., have appealed from the order giving appellees a judgment as prayed.

Appellants rely upon nine points for reversal, but they are grouped into four categories for purposes of this opinion:

Appellants say that appellees cannot recover because the contract was for a sum in excess of $20,000 and that appellees did not sustain their burden of proof by showing that they were licensed by the contractor's Licensing Board for Arkansas, Ark. Stats. § 71-701, *et seq.* Since this was not an issue in the lower court, it cannot be raised for the first time on appeal. See *Stroud* v. *Crow,* 209 Ark. 820, 192 S. W. 2d 548.

It is contended that the trial court erred in refusing to allow all answers filed in the Federal District Court

to be treated, after remand, as answers in the Jefferson Chancery Court per agreement of counsel. The general rule is that when a case is removed to the Federal Court and remanded, it stands in the State Court in the same position in which it would have been had it never been removed. See *Meyers Store Co.* v. *Colorado Milling & Elevator Co.,* 187 Ark. 636, 61 S. W. 2d 440; *Reese Bros.* v. *Allen,* 67 Ga. App. 514, 21 S. E. 2d 244; and 76 C. J. S. "Removal of Causes," Section 312.

The record as abstracted by appellants shows an agreement by counsel relating only to the first answer and the trial court did not err in so ruling.

It is contended that the trial court erred in striking the affirmative defenses set out above because in so doing it accepted a disputed construction of replies to requests for admissions. The general rule with respect to payment of a subcontractor is that "* * * unless the subcontract clearly and expressly so provides the right of the subcontractor to payment is not dependent on the receipt of payment by the contractor, but only on the performance of his subcontract * * * ." 17 C. J. S. "Contracts" § 502 (2) (d). See also *Trinity Universal Insurance Company* v. *Smithwick,* 8th Circuit Court of Appeals, 222 F. 2d 16. Appellants have pointed to no provision in their contract that would justify a delay in payment.

The contract on the issue of liquidated damages provides:

"* * * no liquidated damages shall be chargeable against the party of the second part for the failure to complete said work within the time allotted unless such failure to complete the tunneling works delays the final acceptance of the project covered by the principal contract * * * ."

Appellants have admitted that appellees completed the tunnels on or before July 17, 1952; that appellants placed the tunnels in use on or before October 31, 1952; and that the "principal contract," as distinguished from the supplemental contract, was not completed by appel-

lants prior to October 31, 1952. Therefore, the completion of the prime contract was not delayed by the failure of the subcontractor, and by the express terms of the contract there can be no recovery for liquidated damages.

Appellants argue in their brief that appellees did not complete their contract in accordance with plans and specifications, and that appellants are entitled to certain setoffs because of the work that they did in bringing the tunnels up to contract specifications, but their admission to paragraph eleven of appellee's complaint precludes this argument.

With the affirmative defenses struck from the record, and the contract price, the credits allowable thereon, and the performance of the contract having been admitted, the trial court properly entered judgment on the pleadings since no justiciable issue was left pending. *Crary* v. *Ashley & Beebe,* 4 Ark. 203.

The trial court allowed the 12% penalty provided by statute, but held in abeyance the issue of a reasonable attorney's fee; and at the time of the appeal to this court, the attorney's fee question had not been disposed of. Later, the trial court granted a $10,000 attorney's fee. Appellee has filed a motion in this court for an additional fee for handling the case on appeal. Appellants' response to that motion states that the decree awarding the $10,000 fee has been appealed to this court. Therefore, a decision on the attorney's fee question is reserved and will be determined later.

Affirmed.

CARLETON HARRIS, C. J., disqualified and not participating.