284 F.2d 783
 Myrtle G. HIRSCH, Lenore Benedek, Janet Benedek, Gladys Cohen, and Howard Hirsch, doing business as Beland Realty Company, Petitioners,
v.
Hon. Walter BRUCHHAUSEN, United States District Judge for the Eastern District of New York, Respondent.
 No. 26597.
 United States Court of Appeals Second Circuit.
 Submitted October 31, 1960.
 Decided November 29, 1960.
 
 Leonard W. Wagman, of Golenbock & Barell, New York City, for petitioners.
 Martin Rosen, New York City, for William J. Adams, d/b/a Beacon Hill Company, Coral, Inc., and Louis Rait, Inc., in opposition.
 Before CLARK, MAGRUDER, and FRIENDLY, Circuit Judges.
 CLARK, Circuit Judge.
 
 
 1
 The petitioners herein seek a writ of mandamus to compel Judge Bruchhausen to vacate an order substituting them as the parties defendant in an action pending before him in the Eastern District of New York. The petition was filed a few days after we had dismissed a direct appeal from the order for lack of a final judgment. Involved also is an unappealable[1] order of remand of the action to the state court from which it had originally been removed, since the substitution of parties destroyed diversity of citizenship. Defendants, relying on a claim that the district court has not secured jurisdiction over them, vigorously press their contention for a review of this issue by mandamus as the only means available to them, Judge Bruchhausen having denied their application for an interlocutory appeal under 28 U.S. C. § 1292(b). But since defendants, by their own admission and claim, are the real parties in interest to defend the pending action, we find their objections purely delaying and technical, not rising to the level required to justify the issuance of the extraordinary writ of mandamus.[2] The case is now in that place and that posture which are wholly appropriate and have been indicated as such from the outset; further preliminary sparring can at the utmost procure only a direction that the amended complaint be served upon the defendants, rather than upon their counsel. As we point out below, even in the doubtful event that such a direction might prove desirable, we shall not call upon the extraordinary powers of this court to permit us to indulge in so futile and useless a gesture.
 
 
 2
 The original action, Adams v. Beland Realty Corp., was brought in the state court in 1954 by certain tenants of stores in an eight-story business block in Queens, New York City, against Beland Realty Corp., a New Jersey corporation, as owner. Judge Bruchhausen in his opinion below states the uncontested facts succinctly as follows:
 
 
 3
 "On January 18, 1954, the plaintiffs allegedly sustained property damage as a result of the flow of water into premises occupied by them as tenants of 32-02 Queens Boulevard, Long Island City, New York, through the negligence of the owner of said premises. The summons and complaint were served upon Ernest Boehm, the superintendent or managing agent of the premises. The complaint described the defendant owner as a New Jersey corporation. The action originally was commenced in Queens County Supreme Court. The defendant denied ownership, operation and control of the premises. It thereupon sought removal of the action to this court because of diversity of citizenship. The removal petition was signed by Joseph W. Levin, assistant secretary of Beland Realty Corporation of New Jersey. In his affidavit of January 3, 1955, Mr. Levin alleged that the corporation was in existence pursuant to the laws of the State of New Jersey. However, a certificate of voluntary dissolution was filed May 1, 1952. The stock of this corporation was owned by a New York corporation known as Beland Realty Corporation. This New York corporation owned the premises in question up to May 1, 1952 when it was dissolved. Its property was transferred to the individuals named above d/b/a Beland Realty Company, a partnership. The defendant corporation was represented at first by the law firm of Golenbock and Barell and then by Max J. Gwertzman, the subrogation attorney. Extensions of time to appear and answer were given to both attorneys. Examinations before trial of both parties were held and the case placed on the trial calendar. At the pre-trial call before Judge Savage the corporation moved for dismissal of the complaint on the ground of nonownership, management or control. At that pre-trial, a deed was exhibited by counsel from the corporation to the partnership transferring the premises to the named individuals. All proceedings were conducted in the name of the dissolved corporation although dissolution was approximately two years prior to the cause of action. All notice of claims and pleadings were turned over to the attorneys for the partnership who in turn forwarded them to the attorneys for the insurance company." Adams v. Beland Realty Corp., D.C.E.D.N.Y., 187 F. Supp. 680, 681.
 
 
 4
 The present proceeding was initiated by a motion thereafter made on behalf of the then plaintiffs pursuant to F.R.C.P. 15 and 4(h) to amend the title by substituting the present petitioners, doing business as Beland Realty Company, as party defendants, in place of Beland Realty Corp. The defendant contended that a granting of the motion would constitute a substitution of a new party and thereby deny the defendant partnership the benefit of the statute of limitations. But Judge Bruchhausen pointed out that here "the parties involved knew from the beginning of the alleged claim, the defendant was given additional time to answer, all preliminary examinations were conducted by both sides. Truly, the parties were before the court. * * * The partnership continuously participated in the proceedings. The corporation never moved for a dismissal as being the wrong party, but in reality conducted the entire defense until it made its motion to dismiss before Judge Savage, after the statute of limitations had expired. It is evident that no prejudice will flow to the defendant from a granting of this motion." D.C.E.D.N.Y., 187 F.Supp. 680, 681, 682. And he granted the motion, ordering a complete substitution of parties defendant; additionally he ordered the remand to the state court, since the parties were now all citizens of New York. When the appeal from the order of substitution came before us on October 19, 1960, we granted the plaintiffs' motion to dismiss, since obviously the defendant corporation was not injured by its elimination from the lawsuit and no final action had been taken against the substituted defendants, who now had full opportunity to defend. This petition, dated October 27, 1960, followed.
 
 
 5
 F.R. 81(c) provides as to "Removed Actions": "These rules apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal. Repleading is not necessary unless the court so orders." See Freeman v. Bee Machine Co., 319 U.S. 448, 63 S.Ct. 1146, 87 L.Ed. 1509, upholding amendment to state a new claim after removal. Thus Judge Bruchhausen had clear authority to order the amendment substituting parties, see F.R. 21, 25(a) (c); and it was his manifest duty to do so and to make sure that the real issue was litigated between the parties actually involved. Moreover, the defendants knew, even more than the plaintiffs, that the issue was one for the state court where (so we are told) there is already an action pending against them involving these issues. There is no permanent prejudice to them to find themselves just where they should have been had they been more frank earlier as to the ownership of the realty. Nor do we see how their charge of negligent and careless prosecution of the case by their opponents gets them far, for, whatever its past vicissitudes, the case has remained pending and obviously must now be heard in the proper tribunal therefor.
 
 
 6
 The only possible contention they have is that actually they are strangers, being newly inducted into the litigation, and hence are entitled to service of process anew.[3] Perhaps the trial judge might have been well advised to have ordered this simple and here essentially useless formality and thus have removed petitioners' last talking point. And were mandamus to issue, it would have to be limited to that one step, since every other step taken is so definitely required in equity and justice. But we do not think the writ is available for so profitless a venture. So concluding, we shall not pause to consider whether petitioners may still be entitled to raise this objection or whether they may not be foreclosed by their continued defense in the name of the corporation as owner and by their present appeal or whether in any event under the circumstances of complete knowledge which they possessed service upon their counsel is not adequate under F.R. 5. See Freeman v. Bee Machine Co., supra, 319 U.S. 448, 455, 63 S.Ct. 1146, 87 L.Ed. 1509; Adam v. Saenger, 303 U.S. 59, 67-68, 58 S.Ct. 454, 82 L.Ed. 649. The obvious lack of any real prejudice to them makes issuance of the writ an act of supererogation.
 
 
 7
 Petitioners also seek various forms of additional relief which either are rendered inappropriate by our conclusion or are not properly available to them. Certainly we have no right or desire to control the trial judge's exercise of discretion in denying leave for an interlocutory appeal. All defenses on the merits now properly go before the state court for definitive adjudication; our function has been merely to pass on the procedural aspects of the proceedings as brought before us. We see no reason either to grant or to continue a stay preventing the remand to the state court.
 
 
 8
 Accordingly the petition for a writ of mandamus and for other forms of relief is denied in toto.
 
 
 
 Notes:
 
 
 [1]
 "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d); and see Kloeb v. Armour & Co., 311 U.S. 199, 205, 61 S. Ct. 213, 85 L.Ed. 124; Stein's Stores v. Taylor, 6 Cir., 216 F.2d 439 (refusing review by mandamus)
 
 
 [2]
 Abrams v. McGohey, 2 Cir., 260 F.2d 892; General Houses, Inc. v. Bruchhausen, 2 Cir., 256 F.2d 674; Electric & Musical Industries, Limited v. Walsh, 2 Cir., 249 F.2d 308; Torres v. Walsh, 2 Cir., 221 F.2d 319, 321, certiorari denied 350 U.S. 836, 76 S.Ct. 72, 100 L.Ed. 746; In re Chappell & Co., 1 Cir., 201 F.2d 343
 
 
 [3]
 This could be had just as was the original service, by serving the superintendent at the building in Queens. F.R. 4(d) (3). If actualities may be considered, this is obviously more indirect and less useful than service upon counsel under F.R. 5
 
 
 
 9
 FRIENDLY, Circuit Judge (dissenting).
 
 
 10
 In my view the correct path here is the one Judge Clark has so clearly discerned but has then declined to follow. That is to grant the petition for mandamus to the limited extent of directing modification of the order of the District Judge to permit the service of an amended complaint upon the partnership and to leave all questions of the effect of this action to the state court. Far from that being a profitless venture, it seems to me essential not merely to protect these petitioners, whose conduct may not have been overly appealing, but to prevent unwarranted intrusion into the domain of the New York courts where the action began and where it will end.
 
 
 11
 The extract from Chief Judge Bruchhausen's opinion does not fully convey the never-never quality of this case. The action giving rise to the petition for mandamus was brought in October, 1954, in the Supreme Court, Queens County, by residents of New York, tenants under leases from the petitioners, a partnership, all but one of the partners being New York residents. Plaintiffs sought to recover for damage to their property sustained in January, 1954. The real estate records of Queens County showed, as did the leases, that the premises were owned by the partners, doing business as Beland Realty Co. Nevertheless, for reasons not disclosed or, perhaps, without them, plaintiffs brought their action against Beland Realty Corporation, a New Jersey corporation. Service was made upon the building superintendent as managing agent; under New York law, although this may have been good as against the New Jersey corporation named as defendant, it would not have been against the partnership, Civil Practice Act, §§ 229, 222-a. Early in 1955 the New Jersey corporation removed to the federal court for the Eastern District of New York; the allegation of continued corporate existence in the removal petition was untruthful but this may not have been prejudicial to plaintiffs since the defendant's answer, filed simultaneously with the petition for removal, denied ownership, operation and control of the property and the dissolution did not remove liability for any debts the corporation had. In the federal court the action slumbered, only briefly awakened by a dismissal for want of prosecution in 1956 and subsequent restoration to the calendar, until early 1959. Then a pre-trial conference was had and an order made directing a preliminary trial of the issue of liability of the corporate defendant, as distinguished from the general merits of the action. Apparently believing that such a trial would go against them, plaintiffs moved in June, 1960, to amend the caption of the action so as to make the partners defendants in lieu of the New Jersey corporation.
 
 
 12
 The obvious reason for plaintiffs' proceeding in this fashion was that the applicable statute of limitations, Civil Practice Act, § 49(6), was three years. It must likewise have been apparent that granting plaintiffs' motion would immediately terminate federal jurisdiction by eliminating diversity of citizenship and would thus require remand. However, the court permitted the amendment and made clear the intended effect of this by stating, "Under Rule 15(c) of the Federal Rules of Civil Procedure amendments relate back to the date of original pleading."
 
 
 13
 Although the order sounds in terms of "substitution" of the partners for the corporation, this is colloquial rather than technical language; "substitution," as used in F.R.Civ.Proc. 25, 28 U.S.C., refers to cases where one person has been clothed with the rights or liabilities of another. The motion was rather for amendment of the complaint under Rule 15 and of the summons under Rule 4(h).
 
 
 14
 When a summons is originally served in the federal court and the action is to remain there, the test whether such an amendment should be allowed has been stated to be "whether, on the basis of an objective standard, it is reasonable to conclude that the plaintiff had in mind a particular entity or person, merely made a mistake as to the name, and actually served the entity or person intended; or whether plaintiff actually meant to serve and sue a different person." 2 Moore, Federal Practice (2d ed. 1948), p. 1042. See, allowing amendment, United States v. A. H. Fischer Lumber Co., 4 Cir., 1947, 162 F.2d 872; Grandey v. Pacific Indemnity Co., 5 Cir., 1954, 217 F.2d 27; Taormina Corp. v. Escobedo, 5 Cir., 254 F.2d 171, certiorari denied 1958, 358 U.S. 827, 79 S.Ct. 44, 3 L.Ed.2d 66; Jackson v. Duke, 5 Cir., 1958, 259 F.2d 3; not allowing amendment, Kerner v. Rackmill, D.C. M.D.Pa.1953, 111 F.Supp. 150; Harris v. Stone, D.C.D.C.1953, 115 F.Supp. 531. The confused record here leaves it questionable whether plaintiffs brought themselves within this test, and the opinion of the district judge affords no indication that he applied it.
 
 
 15
 However, I do not reach that issue since I think what was done to have been improper even if that point should be taken in plaintiffs' favor. The summons was served on the superintendent while the action was in the New York courts. Under Civil Practice Act, § 222-a, that would not have been good service against the partnership even if the summons had named the partners in the first instance. I cannot read F.R.Civ.Proc. 81(c), whereby the Federal Rules "apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal," as permitting a federal court to combine rules 4(d) (3) and (h) so as to impart retroactive validity to a state court summons where the defect was not merely improper description but improper service. In this respect the case seems to me to fall under the principle of Lambert Run Coal Co. v. Baltimore & Ohio R. Co., 1922, 258 U.S. 377, 42 S.Ct. 349, 66 L.Ed. 671, rather than of Freeman v. Bee Machine Co., Inc., 1943, 319 U.S. 448, 63 S.Ct. 1146, 87 L.Ed. 1509, see Bomze v. Nardis Sportswear, Inc., 2 Cir., 1948, 165 F.2d 33, 35. However, if a federal court does have the power to perform this Lazarus-like feat, how singularly inappropriate to use it here, where, at the moment of exercising jurisdiction to breath into the New York summons a vitality over the partners which the summons could never have had in New York, the federal court lost the very jurisdiction it was exerting!
 
 
 16
 When we get behind the procedural niceties of amendment and fictions of relation back and the fascinating metaphysical inquiry how a court can exercise a power the basis for which is destroyed by the act of exercise, one stark truth emerges. The real dispute between these litigants is whether plaintiffs should be allowed to begin formal pursuit of the individual defendants more than three years after the cause of action accrued. See Glus v. Brooklyn Eastern District Terminal, 1959, 359 U.S. 231, 233, 79 S.Ct. 760, 3 L.Ed.2d 770; Fitzgerald's Estate, 1916, 252 Pa. 568, 97 A. 935; Dawson, Estoppel and Statutes of Limitation, 34 Mich.L.Rev. 1 (1935). This is a controversy, mainly between residents of New York, in an action begun in the courts of New York and now being returned there, and actually being litigated in another action brought by the plaintiffs against the individual defendants in the Supreme Court, New York County, in January, 1960. The only interest a federal court may legitimately take in this controversy among residents of New York is to take no interest. If plaintiffs no longer wish to pursue the New Jersey corporation in the federal court, well and good; but the federal court should restore the action to the state court in a fashion that will leave the state court free to determine the case as the state court sees fit, see City of Waco v. United States Fidelity & Guaranty Co., 1934, 293 U.S. 140, 55 S.Ct. 6, 79 L.Ed. 244, and not impose its own views on a matter purely of state cognizance[1] and in a manner conclusive on the state court and, so far I can see, unreviewable anywhere. Failure by the district court to do this is precisely the kind of situation calling for mandamus. 6 Moore, Federal Practice (2d ed. 1953), p. 59.
 
 
 
 Notes:
 
 
 [1]
 We are told that under New York practice, "As to new parties defendant brought in by an amendment, a suit is begun only when they are brought in by the amendment and the service of the amended process." 2 Carmody-Wait, Cyclopedia of New York Practice (1952), p. 343. See Gray v. H. H. Vought & Co., 1st Dept., 1926, 216 App.Div. 230, 214 N.Y.S. 765; Abrams v. General Financial Corp., 1st Dept., 1948, 274 App.Div. 756, 79 N.Y.S.2d 368