Samuel Rabbst, J.
The defendants “ appearing specially, for the purposes of this motion only” move, pursuant to section 237-a of the Civil Practice Act, for an order dismissing the proceedings 1 ‘ on the ground that service of process was never made on any defendant herein, and this Court, in consequence, lacks jurisdiction over the person of any and all of the * * * defendants herein.”
This is an action to recover for property damage allegedly sustained on January 18, 1954, when plaintiffs were tenants of lofts in certain premises located in Queens County. They claim that through the negligence of the owner, their stock, merchandise, fixtures and other property were damaged as the result of the flow of water from a fire escape stairwell controlled by the owner of the building. The action was originally brought in this court in November, 1954 solely against “ Beland Realty Corporation ” which, as alleged in paragraph “ 2 ” of the complaint, was a foreign corporation organized under and pursuant to the laws of the State of New Jersey and owned the premises of which the plaintiffs were tenants.
Following the service of a copy of the summons and complaint upon Ernest Boehm, the superintendent or managing agent of the premises, the action was removed on the ground of diversity of citizenship to the United States District Court for the Eastern District of New York. The petition of “ B eland Realty Corporation ” was verified on January 3, 1955, by Joseph W. Levin, who stated he was its assistant secretary. In his affidavit sworn to the same date, he stated that this corporation was in existence pursuant to the laws of the State of New Jersey. The answer thereafter served by said defendant denied the material allegations of the complaint, including paragraph “ 2 ” thereof, wherein, as already noted, its corporate existence under the New *643 Jersey law was alleged as well as its ownership of the premises at the time of the occurrence underlying the action.
On December 10, 1956 the action was dismissed for lack of prosecution. It was restored to the calendar in 1959 and at a pretrial conference held thereafter an order was made setting the case down for trial on May 18, 1959 to determine whether “ Beland Bealty Corporation, designated in the complaint as a New Jersey corporation, may be held legally or otherwise responsible because of its alleged ownership, operation, maintenance and control of premises designated in plaintiffs’ complaint * * * for an occurrence which allegedly took place on January 18,1954.” Such a preliminary trial was never held.
On June 17, 1960 the plaintiffs filed a motion “ for an order amending the title of this action by substituting [the movants herein] Myrtle G. Hirsch, Lenore Benedek, Janet Benedek, Gladys Cohen and Howard Hirsch, d/b/a Beland Bealty Company as party defendants in place of the defendant Beland Bealty Corporation ”. This motion was granted and an order made and entered on October 10,1960 returning the case to this court inasmuch as the members of the partnership, substituted as defendants, were residents of New York and thus diversity of citizenship no longer was present. (Adams v. Beland Realty Corp., 187 F. Supp. 680.)
On October 19, 1960 the United States Court of Appeals for the Second Circuit dismissed the appeal from the foregoing disposition for lack of an appealable order. Thereupon a proceeding, on petition, for a writ of mandamus was instituted in said Circuit Court to compel the Judge who made the order of October 10, 1960, to vacate it. This petition was denied by a divided court. (Hirsch v. Bruchhausen, 284 F. 2d 783.) An application for a stay pending a writ of certiorari to the Supreme Court of the United States was denied by one of its Justices on December 12, 1960.
According to a photostatic copy of a certificate of the Secretary of State of New Jersey, dated May 1, 1959, annexed to the moving papers on the motion to amend the title of this action by substituting the movants as party defendants, no corporation named “Beland Bealty Corporation” was ever incorporated under the laws of that State nor was it a foreign corporation authorized to transact business therein. A photo static copy of a certificate of the Department of State of New Jersey, dated March 24, 1953, also annexed, shows that a corporation of that State, known as “ Beland Bealty Corporation of New Jersey ” was dissolved on May 1,1952, the certificate thereof having been *644 filed on March 24, 1953. This corporation never owned the premises wherein the plaintiffs allegedly sustained the damages sought to be recovered in this action. All of its issued capital stock, however, was owned by “Belaud Realty Corporation” which had been incorporated in the State of New York on February 28, 1946. This corporation was dissolved by a certificate of dissolution dated May 1, 1952, a photostatic copy of which was also annexed, filed with the Department of State of New York on March 10,1953.
It was the New York corporation which owned the premises in question until May 1,1952, when it conveyed the same by deed dated that day (and recorded in the Register’s office in Queens County on Aug. 18,1952) to the movants herein, doing business as “ Beland Realty Co.,” a partnership organized and operating under the laws of the State of New York pursuant to a ‘ ‘ Certificate of Partners ” executed by them on May 1,1952, pursuant to section 440 of the Penal Law. Photostatic copies of such deed and certificate were attached to the papers submitted in opposition to the foregoing motion. It is claimed in one of the reply affidavits herein that the very leases of the plaintiffs showed that a partnership was their landlord. A photostatic copy of one of such leases, dated January 30, 1953, to the plaintiff Louis Rait, Inc., likewise annexed to the papers on the motion to amend, shows that the landlord was “ B eland Realty Co. of New York, a partnership, with an office at 54 Clark Street, Newark, New Jersey.”
Thus on January 18, 1954, when the plaintiffs sustained the alleged damages sought to be recovered in this action, the movants, members of a New York partnership, all residing in the State of New York, owned the premises occupied by the plaintiffs; “Belaud Realty Corporation,” the original defendant designated in the summons and complaint, had no corporate existence; “Belaud Realty Corporation of New Jersey,” dissolved on May 1, 1952, never owned the premises in question, although its capital stock had been owned by “Belaud Realty Corporation ” organized under the laws of the State of New York; that corporation was the record owner of the property until it was dissolved on May 1, 1952 when it conveyed said property to the movants as partners. Never having been served with process in this action in the manner provided by section 222-a of the Civil Practice Act, they urge that this court never acquired jurisdiction over their persons and consequently the personal judgment sought against them herein is beyond its power to grant.
*645 While the plaintiffs make no claim that any of the movants was ever served with original process, they take the position that the order of the Federal court substituting defendants is res judicata and conclusive on the question of jurisdiction over the persons of the present defendants.
But, “ The common-law doctrine of res judicata, designed to bar relitigation of adjudicated issues, * * * is that an existing final judgment rendered upon the merits by a court of competent jurisdiction, is binding upon the parties and their privies in all other actions or suits on points and matters litigated and adjudicated in the first suit or which might have been litigated therein ”. (Israel v. Wood Dolson Co., 1 N Y 2d 116, 118; emphasis supplied.) It is clear that the order of the Federal court amending the title of the action and substituting party defendants under its procedure was in no sense a final judgment rendered upon the merits. (Bannon v. Bannon, 270 N. Y. 484.) As stated in Webb v. Buckelew (82 N. Y. 555, 560), cited in Bannon (supra): “ It is, therefore, only a final judgment upon the merits, which prevents further contest upon the same issue, and becomes evidence in another action between the same parties or their privies. Until final judgment is reached the proceedings are subject to change and modification; are imperfect, and inchoate, and can avail nothing as a bar, or as evidence, until the judgment, with its verity as a record, settles finally and conclusively the questions at issue. An interlocutory order is not such a judgment. It is not a judgment at all.”
It is this court’s opinion that the order amending the title of this action by substituting the movants for the original corporate defendant was no more than an order of a court made in the course of the same action.* The numerous" Federal and New York cases relied upon by the plaintiffs are not to the contrary. In all of them, the facts clearly establish that the courts were concerned with the effect of a determination in an independent prior action or proceeding and not, as here, with an order in the same action.
Nor is the doctrine of the “ law of the case ” applicable here. As noted in Walker v. Gerli (257 App. Div. 249, 251): “ The law of the case, like the principle of stare decisis, is a rule of comity or convenience. (Luminous Unit Co. v. Freeman-Sweet Co., 3 F. [2d] 577.) Since from its very nature it involves the effect of orders which are interlocutory, it must be distinguished from res adjudicata. (Bannon v. Bannon, 270 N. Y. 484.) *646 Accordingly, its effect is limited to a court of co-ordinate jurisdiction which ordinarily should not disregard an earlier decision on the same question in the same case.” “ It must be accommodated to the needs of justice by the discriminating exercise of judicial power.” (Reamer’s Estate, 331 Pa. 117, 122; 21 C. J. S., Courts, § 195, p. 334.) In Rager v. McCloskey (305 N. Y. 75, 78), the Court of Appeals stated that the doctrine of law of the case, as distinguished from res judicata ‘ ‘ is, therefore, not binding upon this court. ’ ’
While this court claims no right to review a determination of a Federal District Court, it does assert its exclusive power to determine its own jurisdiction over persons upon whom no service of process in accordance with New York’s standards was ever made. (See Erickson v. Macy, 231 N. Y. 86.) As was stated in Matter of Brenner v. Great Gove Realty Co. (6 N Y 2d 435, 441-442): “it is settled beyond cavil that a court has jurisdiction to determine the facts upon which its jurisdiction depends (Matter of United States of Mexico v. Schmuck, 294 N. Y. 265, 271-273; Consumers Lbr. Co. v. Lincoln, 225 App. Div. 484, 485; Stoll v. Gottlieb, 305 U. S. 165, 171-172; United States v. Mine Workers, 330 U. S. 258, 289-295; 21 C. J. S., Courts, § 113).”
Section 222-a of the Civil Practice Act, added in 1945, permits the prosecution of an action or proceeding by or against a partnership in the partnership name. It provides, in pertinent part, that if the persons carrying on business as partners “ be defendants in an action or proceeding, the summons or other process may be served upon any one or more of them with like effect as though all of the persons had been named as defendants by their own respective names.” As already noted, not one of the substituted defendants was ever served with a summons in this action and no such service is claimed by the plaintiffs nor the waiver thereof. It is an ancient rule since Pennoyer v. Neff (95 U. S. 714) that personal service within a State where suit is brought, or the waiver of such service, is required for due process of law to support a personal judgment.
In no aspect can it be said that the situation here presented involves a mere misnomer of the party defendants which would permit the correction of the name. The plaintiffs initially sued “ Beland Realty Corporation ” which they alleged had its corporate existence in New Jersey. There was no such named corporation, although there was one named ‘ ‘ Beland Realty Corporation of New Jersey.” The substitution of the latter because of misnomer would have been permissible under New York law, but it never owned the property. A New York cor *647 porate entity named “ B eland Realty Corporation” owned it until May 1,1952, as well as the stock of the New Jersey corporation, but this New York corporation was never sued. None of the movants was, according to that corporation’s certificate of dissolution, its officers and directors, although a comparison of the names and addresses therein listed with those of the movants’ “ Certificate of Partners ” shows that several were related and resided at the same post-office addresses. As was stated by the Appellate Division of the First Department in Abrams v. General Financial Corp. (274 App. Div. 756, 757): “ There is no authority which sanctions an entire change of name of the defendant or defendants by the substitution of other and entirely different defendants for the one actually served. (New York State Monitor Milk Pan Assn. v. Remington Agric. Works, 89 N. Y. 22; Gray v. Vought & Co., 216 App. Div. 230.) The court is without power to permit such a substitution, particularly where, as here, it might operate to deprive appellants of the right to plead as a bar to the action that the Statute of Limitations had become effective against plaintiff’s claim since the commencement of the action against the corporation. (Gray v. Vought & Co., supra, p. 233.) ”
And so here, the movants cannot be substituted as party defendants in this action for the corporation that the plaintiffs intended to sue in November, 1954. In Safrin v. Friedman Hat Co. (195 Misc. 387, appeal dismissed 276 App. Div. 853), the court denied the substitution of a partnership with the same name as the corporation as party defendant where, as here, the Statute of Limitations had already barred the claim. The court noted at page 389: “ The individual, Joe Friedman, was not a party to this action although the service was made upon him as president of the named corporate defendant. Plaintiff now wishes to substitute Joe Friedman and another as copartners. This would amount to the substitution of entirely different defendants.”
Following the denial to substitute the partners for the corporation in Safrin, the plaintiffs commenced a new action against the partners. These defendants moved to dismiss the complaint under rule 107 of the Rules of Civil Practice solely upon the ground that the alleged causes of action were barred by the applicable Statute of Limitations. Mr. Justice Beldock, now an Associate Justice of the Appellate Division of the Second Department, pointed out in his opinion (Safrin v. Friedman, 27 Misc 2d 687, affd. 277 App. Div. 1138) that certain conduct on the part of the defendants in the prior action against the corporation, may be sufficient upon the trial to estop these *648 defendants from availing themselves of the Statute of Limitations as a bar. Accordingly, he held (p. 691) that “ the interests of justice will best be served by a denial of the motion to dismiss, by the interposition of an answer setting forth the defense of the Statute of Limitations and by a trial of the issue of estoppel.”
A similar trial on the issue of estoppel to assert the bar of the Statute of Limitations may be available to the plaintiffs on the basis of the conduct outlined in the opinion of the District Court (187 F. Supp. 681-682, supra) in the pending action in the Supreme Court, New York County, for the same cause brought against the individual defendants in January, 1960.
So far as the instant action is concerned, this court, for the reasons stated, has no jurisdiction over the persons of the individual defendants to grant the in personam judgment here sought. The motion is granted accordingly.

 Judge Clark noted in the prevailing opinion of the Circuit Court: “ our function has been merely to pass on the procedural aspects of the proceedings as brought before us.” (Kirsch v. Bruchhausen, 284 F. 2d 787.)