166 N.J. Super. 161 (1979)
399 A.2d 319
EDWARD HANSEN, INC., A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF,
v.
KEARNY POST OFFICE ASSOCIATES, A LIMITED PARTNERSHIP OF THE STATE OF NEW JERSEY, AND THE TRAVELERS INDEMNITY COMPANY, A CORPORATION AUTHORIZED, LICENSED, OR ADMITTED TO DO AND DOING BUSINESS IN THE STATE OF NEW JERSEY, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided February 2, 1979.
*162 Mr. James M. Shashaty for plaintiff (Messrs. Fontanella, Shashaty, Leonard & Harris, attorneys).
Mr. Thomas B. Leyhane for defendants (Messrs. Shanley & Fisher, attorneys).
*163 Mr. Roger P. Sauer for Aetna Casualty & Surety Co. (Messrs. Lum, Biunno & Thompkins, attorneys).
Mr. Robert C. Hespe for Edward Hansen and Eugene Stano (Messrs. Hespe & Hespe, attorneys).
KENTZ, J.S.C.
After an absence of more than six years this matter returns to the court on defendants' motion for an order adopting the pleadings filed by the various parties while this case was in the United States District Court for the District of New Jersey (District Court) or in the alternative for an order granting leave to file an answer out of time.
This litigation was commenced in the Chancery Division of the Superior Court in September 1971 when Edward Hansen, Inc. (Hansen) filed a complaint seeking injunctive and declaratory relief. Hansen alleged that it had been wrongfully removed by defendant Kearny Post Office Associates (KPOA) from the construction site of the North Jersey Mail Handling and Vehicle Maintenance Facility in Kearny, New Jersey, and that the removal constituted a breach of Hansen's contract with KPOA.
Prior to answering, KPOA petitioned for removal of the case to the District Court pursuant to 28 U.S.C.A. § 1446. Immediately following removal Hansen filed a motion for remand but withdrew the motion before it was decided.[1] KPOA subsequently answered the complaint and filed a counterclaim seeking relief against Hansen as well as its surety, Aetna Casualty and Surety Co. (Aetna) and three of the principals of Hansen. Hansen later amended its complaint by abandoning the request for injunctive relief (which had become moot with the completion of the project) and by making a claim for damages.
*164 In October 1977 the District Court remanded the case to this court, holding that diversity of citizenship did not exist because of the then recent decision in Carlsberg Resources Corp. v. Cameria S. & L. Ass'n, 554 F.2d 1254 (3 Cir.1977), and concluding that there was consequently no federal jurisdiction.[2] In remanding the case Judge Meanor refused Aetna's request to dismiss the countercalim against it since he apparently believed that the entire case, including all the parties, should return to the state court.
When the case returned to this court KPOA moved for an order transferring the matter to the Law Division since the only remaining relief sought was damages. Before a hearing on this motion was concluded Hansen raised the issue of whether a default should be entered against KPOA because it had never filed a responsive pleading in this court. Thereupon, KPOA filed the present motion.[3]
The precise issue raised by this motion has apparently not been decided by the courts of this State and has seldom been addressed in other jurisdictions. Nor does the federal removal statute deal with the problem presented here. While 28 U.S.C.A. § 1447(b) provides that the District Court may require the party petitioning for removal to file copies of the state court record with the clerk of the federal court, it makes no provision for a similar procedure after remand. Instead, 28 U.S.C.A. § 1447(c) merely provides that
*165 If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs. A certified copy of the order of remand shall be mailed by its clerk to the clerk of the State court. The State court may thereupon proceed with such case.
Following a remand the effect to be given to pleadings filed in the federal court is a matter of state policy and is not subject to federal determination. In Ayres v. Wiswall, 112 U.S. 187, 5 S.Ct. 90, 28 L.Ed. 693 (1884), the Supreme Court affirmed a remand ordered by the Circuit Court and stated that "[i]t will be for the State court, when the case gets back there, to determine what shall be done with the pleadings filed and testimony taken during the pendency of the suit in the other [i.e., federal] jurisdiction." Id. at 190-191, 5 S.Ct. at 92, 28 L.Ed. at 695.
More recent federal cases have not altered the rule announced in Ayres but have exhibited an expectation that the state court would on remand consider the entire case, including the federal pleadings. In Hirsch v. Bruchhausen, 284 F.2d 783 (2 Cir.1960), for example, the court refused to disturb the District Court's pre-remand order substituting Hirsch and his business partners for the original corporate defendant. The court there said (at 786-787) that "[a]ll defenses on the merits now properly go before the state court for definitive adjudication; our function has been merely to pass on the procedural aspects of the proceedings as brought before us." Fnding no irregularity in the District Court's order substituting defendants without requiring service of the amended pleadings on the new defendants, the court permitted the case to be remanded with the substituted defendants as parties, intending that the state court would consider the case in the posture in which it had left the federal court.[4] *166 See also, Waco v. U.S. Fidelity & Guar. Co., 293 U.S. 140, 143, 55 S.Ct. 6, 7, 79 L.Ed. 244, 246 (1934); Kromer v. McNabb, 308 F.3d 863, 865 (10 Cir.1962); In re Bear River Drainage Dist., 267 F.2d 849, 851 (10 Cir.1959).
Various state courts have, after remand, dealt with the federal pleadings without discussing the propriety of their doing so. In Adams v. Hirsch, supra at note 4, the court dealt with the complaint as amended by the federal court in Hirsch v. Bruchhausen, supra, rather than with the original complaint filed in the New York court before removal. The trial court in Trinity Universal Ins. Co. v. Robison, 227 Ark. 482, 299 S.W.2d 833 (Sup. Ct. 1957), accepted the parties' agreement to treat one of the answers filed in the federal court as if it had been filed in the state court. Although the Supreme Court's opinion there deals only with the propriety of the trial court's not having accepted the answers which were not the subject of the agreement, it nonetheless did not question the propriety of the trial court's adoption of the pleadings. See 227 Ark. at 482, 299 S.W.2d at 836.
The opinion in Citizen's Nat'l Bank v. First Nat'l Bank, Ind. App., 331 N.E.2d 471 (Ct. App. 1975), directly addressed the trial court's right to decide motions to dismiss which had been filed in the federal court before remand and not refiled in the state court. After citing Ayres v. Wiswall, supra, the court determined that the trial court had acted properly in deciding the motions to dismiss. "[T]he irregularity in the case before us, if it be an irregularity at all, in failing to refile the Motions to Dismiss in the state court following remand from the federal court is * * * inconsequential." 331 N.E.2d at 476.
However, other state courts have not treated federal pleadings quite so hospitably. In Tracy Loan & Trust Co. v. *167 Mutual Life Ins. Co., 79 Utah 33, 7 P.2d 279 (Sup. Ct. 1932), the court concluded that an answer filed in the federal court was "without effect as to the initiation of the contest because filed in a court without jurisdiction of the cause." Id. at 41, 7 P.2d at 282. Similarly, the court in Citizens' Light, Power & Tel. Co. v. Usnik, 26 N.M. 494, 194 P. 862 (Sup. Ct. 1921), held that an answer filed in federal court was not effective as an answer which would forestall the entry of default against the defendant in the state court upon remand. Levine v. Lacy, 204 Va. 297, 130 S.E.2d 443 (Sup. Ct. App.), cert. den. 375 U.S. 932, 84 S.Ct. 330, 11 L.Ed.2d 264 (1963), and Texas Gas Transmission Corp. v. Sigue, 163 So.2d 386 (La. Ct. App), writ of review den. 246 La. 580, 165 So.2d 480 (Sup. Ct. 1964), also represent cases in which the state court held that federal answers did not prevent the defendant from being considered in default in the state court.
Tracy Loan and Citizens' Light are distinguishable from the present case to the extent that those decisions were based on the premise that "where * * * after removal the federal court remands the cause for want of jurisdiction, and in the interim orders are made or judgment entered by the state court, these are valid notwithstanding they are made after an attempted removal." Tracy Loan, supra, 79 Utah at 40, 7 P.2d at 282. Thus, these courts held that a defendant who seeks removal "must assume the risk and consequences that follow if he is unsuccessful and in the meanwhile he has failed to protect and preserve his rights under the state statute and rules of practice prevailing in the state court" Id.; Citizens' Light, supra, 26 N.M. at 497, 194 P. at 863. This rationale has been eliminated by a provision of the modern removal statute, 28 U.S.C.A. § 1446(e), which prohibits any proceeding in the state court after removal and prior to remand. Any pleadings a party might try to file to "preserve his rights" in the state court would be void and of no effect, Levine v. Lacy, supra, 204 Va. at 298, 130 S.E.2d at 445; Allan v. Hatchett, 91 Ga. App. 571, 86 S.E.2d 662 *168 (Ct. App. 1955); Hopson v. North Amer. Ins. Co., 71 Idaho 461, 233 P.2d 799, 25 A.L.R.2d 1040 (Sup. Ct. 1951).
Levine and Texas Gas may also be partially distinguished in that they involved cases in which defendants' time to answer the complaint had apparently lapsed prior to removal. By contrast, KPOA petitioned for removal of this case three days after Hansen's complaint was filed with this court.
Aetna argues that adoption of the federal pleadings would constitute a deprivation of its constitutional right to due process in that it has never been served with state process.[5] Aetna relies on Adams v. Hirsch, supra, and Pickford v. Kravetz, 206 Misc. 539, 133 N.Y.S.2d 377 (Sup. Ct. 1954), in support of its contention that it must be re-served with state process.
Adams v. Hirsch is clearly distinguishable. The federal court there had not ordered that the substituted defendants be served with the complaint which was amended before remand. See Hirsch v. Bruchhausen, supra, 284 F.2d at 786. Thus, when the case returned to the state court defendants had never been served with any process, state or federal, see Adams v. Hirsch, supra, 29 Misc.2d at 542, 214 N.Y.S.2d at 801. Here there is no claim by Aetna that it was not served or was improperly served with the federal court's process.
Pickford v. Kravetz, supra, appears to be factually indistinguishable from the present case. After removal the defendant there had served a third-party complaint. When the matter was remanded to the state court one of the third-party defendants moved to vacate service on the ground that it had not been made in accordance with New York's procedural requirements. The state court, after citing Ayres v. *169 Wiswall, supra, granted the motion and vacated service, holding that New York "has ever been jealous of its standard of service * * *. It would be hard to imagine a change in procedure which would be met with more resistance." 206 Misc. at 540, 133 N.Y.S.2d at 379.
New Jersey has never been so insistent upon any given means of service of process as New York seems to be. R. 4:4-4 provides for various alternative modes of service, including one (service by registered, certified or ordinary mail) which has been called "not so much innovative as * * * experimental." Pressler, Current N.J. Court Rules, Comment R. 4:4-4, par. 2.
The variety of methods of service permitted by our rules reflects both the United States and New Jersey Supreme Court's determination that the only constitutional requirement for service of process is that "notice [be] reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullans v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865, 873 (1950), quoted in O'Connor v. Altus, 67 N.J. 106, 126 (1975). The court has before it no evidence that Aetna's right to notice and to an opportunity to be heard will in any way suffer if the federal pleadings are adopted, nor does it appear that service of process under New Jersey's rules would serve any real purpose in light of all the circumstances of this case. Furthermore, requiring that Aetna be re-served would contravene the intent of our rules that technicalities be held to a minimum "to secure a just determination, simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay." R. 1:1-2; O'Connor v. Altus, supra, 67 N.J. at 127.
Aetna has been fully apprised of the proceedings in this case in the District Court and of that court's remand to this court. There is no requirement in our rules that Aetna be re-served with state process, nor is there any case *170 law indicating a constitutional infirmity in the adoption of the federal pleadings by this court. Therefore, I find that Aetna's due process argument based on lack of service in the exact form and manner provided in R. 4:4-1 et seq. is without merit and does not bar the granting of the relief sought by KPOA.
Whether the cases cited by Aetna and Hansen are distinguishable or whether they do in fact stand for the proposition that federal pleadings should be disregarded after remand, this court is of the opinion that the better rule favors giving continued effect to those pleadings. Adoption of the federal pleadings filed in this case would avoid the needless waste of time, effort and expense which would result from requiring counsel to duplicate in this court their actions of the past six years in the federal court. Such an unnecessary duplication of effort alone indicates the preferability of adopting the federal pleadings.
Additionally, the adoption of the pleadings would result in the post-remand procedure in this court mirroring as nearly as possible the post-removal procedure in the federal court. Upon removal, the entire record is delivered to the clerk of the federal court and that court assumes its jurisdiction with the case in exactly the same position as when it was removed from the state court. Adoption of the federal pleadings would result in this court's renewing its jurisdiction with the case in exactly the same posture as when it was remanded from the federal court. Counsel have not suggested nor has the court discovered any convincing reason why this continuity in the proceedings is not preferable to the procedure urged by Hansen and Aetna.
In conclusion, the pleadings filed in the District Court should be adopted as if they had originally been filed in this court.
There being no rule governing the procedures to be followed after adoption of the federal pleadings by a state court, I am permitted by R. 1:1-2 to proceed in any manner compatible with the purposes of our rules. Accordingly, the *171 order to be submitted should provide that the moving party, KPOA, shall furnish the court with certified copies of all the pleadings filed with the federal court. The order should also direct the clerk of the court to accept for filing similarly certified copies of these pleadings which shall be attached to the original of the proposed order embodying the rulings in this opinion. Upon receipt of the order and the certified pleadings, the clerk shall docket these pleadings as if they had originally been filed in this court. Thereafter, a hearing on KPOA's motion to transfer this matter to the Law Division will be scheduled by the court.
NOTES
[1] The federal pleadings are not currently before the court. The recitation of the procedural history is drawn from the statements of fact contained in the briefs submitted by the various parties.
[2] Carlsberg held that the citizenship of a limited partnership for diversity purposes is determined by examining the citizenship of the limited partners as well as the general partners. Since Hansen is a New Jersey corporation and none of KPOA's general partners are New Jersey residents, diversity appeared to exist before Carlsberg was decided. However, since some of KPOA's limited partners are residents of this State, the complete diversity required for federal jurisdiction did not exist under Carlsberg.
[3] Aetna and Eugene Stano and Edward Hansen (two of the principals of Hansen) were granted leave to brief and argue this motion without prejudice to their claim that they are not currently parties to this litigation.
[4] Upon remand the state court did in fact pass on the amended pleading and dismissed the complaint as to the substituted defendants since they had never been served with the new complaint. Adams v. Hirsch, 29 Misc.2d 641, 214 N.Y.S.2d 796 (Sup. Ct. 1961), aff'd mem. 17 A.D.2d 959, 233 N.Y.S.2d 796 (App. Div. 1962), motion for leave to appeal dismissed, 12 N.Y.2d 873, 187 N.E.2d 796, 237 N.Y.S.2d 345 (Ct. App. 1962), cert. den. 372 U.S. 952, 83 S.Ct. 951, 9 L.Ed.2d 977 (1963).
[5] It is significant to note that Aetna does not contend that this court lacks in personam jurisdiction over Aetna, that it lacks subject matter jurisdiction over this case, or that the federal process was irregular or invalid. Aetna's sole contention in this regard is that the District Court process is not effective to bring Aetna into this court after remand.